J. P. MERCER AND WILEY W. UPTON, INDIVIDUALLY AND PARTNERS, TRADING AS FARMERS SUPPLY COMPANY, v. NEW AMSTERDAM CASUALTY COMPANY.

(Filed 24 February, 1937.)

Insurance § 48—Lienholder on truck damaged by third person held not entitled to enforce payment against third person's insurer.

Plaintiffs held a lien on a truck damaged by the negligence of the driver of a truck belonging to a third person who carried indemnity insurance on his truck. Although insurer had notice of plaintiffs' lien and the owner of the negligently damaged truck had agreed that check be made payable

to him and plaintiffs jointly, insurer paid the owner of the truck, who failed to pay plaintiffs' lien from the proceeds. *Held:* Insurer was not a tort-feasor, nor obligated by its contract with the owner of the truck negligently causing the damage to pay lienholders on the truck negligently damaged, and plaintiffs are not entitled to enforce payment against insurer either in contract or in tort in the absence of fraud or collusion.

APPEAL by plaintiffs from *Small, J.,* at November Term, 1936, of PASQUOTANK. Affirmed.

At the conclusion of plaintiffs' evidence motion for judgment of nonsuit was allowed, and plaintiffs appealed.

*John H. Hall for plaintiffs.*
*S. Burnell Bragg and Thompson & Wilson for defendant.*

PER CURIAM. The evidence offered by plaintiffs tended to show a fact situation substantially as follows:

A motor truck owned by one M. C. Love was damaged as the result of a collision with a truck belonging to one J. S. Wiggins. The plaintiffs held a lien, by virtue of a registered conditional sales contract, on the Love truck. At the time of the injury Wiggins held a policy of insurance issued by defendant casualty company, indemnifying him against liability arising out of the operation of the Wiggins truck. A representative of the defendant, who was investigating the matter of the casualty company's liability under its policy and negotiating a compromise settlement thereof on behalf of Wiggins, in accordance with defendant's insurance contract with Wiggins, had a conversation with one of plaintiffs and was advised that plaintiffs held a lien on the Love truck, and with the consent of Love request was made that check for settlement of damages to the Love truck be sent to plaintiffs and Love jointly, the amount of damages being in excess of amount of plaintiffs' lien. To this request the representative of defendant made no reply.

Subsequently, defendant paid the amount of the damages for injury to the Love truck to Love, who executed release therefor. This amount Love used for his own purposes without repaying plaintiffs' debt.

Thereupon plaintiffs instituted their action to recover of defendant casualty company the amount of their debt against Love, which was secured by the conditional sales contract covering said truck.

Under the evidence presented in this case, can the plaintiffs maintain their action against the casualty company? The answer is "No."

The defendant's contract was with Wiggins. It was one of indemnity only. *Clark v. Bonsal,* 157 N. C., 270; *Scott v. Bryan,* 210 N. C., 478.

The evidence negatives the suggestion of a contract by the defendant to pay the amount of the damage to the plaintiffs, nor does it appear that

10—211

defendant's representative had authority to make such a contract. The defendant was not a tort-feasor. The defendant was under no legal duty to protect the plaintiffs, and assumed no obligation to do so. There was no evidence of fraud or collusion.

So that neither in contract nor in tort are plaintiffs entitled to maintain their action against the casualty company.

The release executed by Love, the mortgagor, to Wiggins, the tort-feasor, and his insurer, would ordinarily bar the mortgagees, the plaintiffs (*Harris v. R. R.*, 190 N. C., 480), and there is nothing in the record here to take this case out of the rule there laid down.

The cases cited by appellants in support of their position (*Miller v. Hortman-Salem Co.*, 145 Sou., 786 [La.], and *Commercial Securities Co. v. Mast*, 28 P. [2d], 635), were actions by mortgagees against tort-feasors.

Judgment affirmed.