47973. VIGILANT INSURANCE COMPANY v.
BOWMAN et al.

STOLZ, Judge. Clyde M. Alexander purchased a policy of automobile liability insurance from Vigilant Insurance Company (Vigilant). The policy contained the standard provisions for collision coverage and subrogation. On May 25, 1971, while the policy was in

effect, Alexander's automobile was involved in a collision with an automobile driven by Bobby D. Bowman (Bowman), the owner of a liability insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm). On May 27, 1971, Vigilant issued its draft to Alexander to cover the collision loss, less deductible, took possession of the Alexander automobile, and disposed of it for salvage. Vigilant's net loss was $875. On June 22, 1971, State Farm paid Alexander $700 and took from Alexander and his wife a general release which recited that it "releases and forever discharges James E. Gillis and/or Bobby Bowman . . . and all other persons . . . liable or who might be claimed to be liable . . . from any and all claims . . . both to person and property, which have resulted or may in the future develop from . . . [the accident aforementioned]." The evidence showed that, at the time State Farm made the $700 payment to Alexander, its agent had *actual knowledge* that vigilant had paid Alexander for his collision loss. Further, the evidence showed that State Farm's agent wrote Vigilant on September 28, 1971, advising that "we settled with your insured on June 22, 1971, at which time we had the understanding with your insured that the only reason settlement was being made was because of *the bodily injury* arising out of the accident and the settlement, which I might add, was a nuisance amount. We did not tell him we would honor the subrogation claim at any event and as a matter of fact, advised him that we would deny the subrogation claim if presented." (Emphasis supplied.)

Vigilant brought suit against Bowman seeking recovery of the net loss it sustained as a result of the payment made to Alexander pursuant to the terms of its aforesaid insurance policy with Alexander. By amendment, Vigilant added State Farm as a party defendant and alleged that State Farm paid Alexander $700 "knowing of the interest of plaintiff in this case

at the time said payment was made." This allegation was specifically denied by State Farm in its answer.

State Farm and Bowman made a motion for summary judgment, relying on the pleadings in the case and the deposition of Alexander. Vigilant responded to the motion for summary judgment, relying on unanswered requests for admission of fact and documents, the pleadings, and answers to interrogatories propounded to defendant Bowman. The trial judge sustained defendants' motion for summary judgment and the plaintiff appeals. *Held:*

Historically, and as a matter of general law, the insurer's right to subrogation is an equitable one and does not rest on any relation of contract or of privity between the insurer and the wrongdoer. The right is derived from the rights which the insured has and is limited to those rights. 46 CJS 154, Insurance, § 1209 (b). As previously noted, the automobile liability insurance policy issued by Vigilant contained a subrogation clause. Thus, in addition to whatever equitable right Vigilant had to subrogation, it also had the specific contractual right thereto once it made payment to its insured, under the terms of its policy. The uncontroverted evidence shows payment by Vigilant to Alexander of benefits ($1,000) under the terms of the collision loss provisions of the policy on May 27, 1971. At that time, Alexander's rights to collect for his collision loss passed to Vigilant.

Again, as a matter of general law, where the wrongdoer settles with the insured (Alexander) without the consent of the insurer (Vigilant), with the knowledge of the insurer's payment and right of subrogation, such right is not defeated by the settlement. 44 AmJur2d 764, Insurance, § 1837; 46 CJS 155, Insurance, § 1209 (b) ("Release of third person by insured"). As heretofore noted, the evidence shows that State Farm had actual notice of Vigilant's subrogation rights, thus bringing the case within the general rule. Moreover, the record

reveals that State Farm admits that its settlement with the Alexanders was only for a bodily injury claim, even though State Farm took a general release of all claims from the Alexanders.

Under the rules heretofore stated, the general release executed by Alexander and his wife could not adversely affect his insurer's (Vigilant's) subrogation claim against Bowman (State Farm's insured), since (1) Vigilant had no knowledge thereof and had not acquiesced thereto in any way, and (2) State Farm had actual knowledge of Vigilant's subrogation claim at the time it settled with Alexander.

Accordingly, the trial judge erred in sustaining the defendants' motion for summary judgment and the case must be reversed.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

Argued March 7, 1973 — Decided April 6, 1973 — Rehearing denied April 24, 1973.

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Robert M. Travis,* for appellees.