### 32244. BLAYLOCK v. GEORGIA MUTUAL INSURANCE COMPANY et al.
### 32245. WEST v. GEORGIA MUTUAL INSURANCE COMPANY et al.

HILL, Justice.

This interpleader action involves the subrogation rights provided in our no-fault automobile insurance law, the Georgia Motor Vehicle Accident Reparations Act, Ga. L. 1974, p. 113-124. Appellants Blaylock and West were injured in an accident which occurred on November 27, 1975, and were paid a total of $8,883.79 by appellant West's insurer, appellee Georgia Mutual Insurance Company. The payments were made as a consequence of personal injury protection clauses of the insurance contract which was in part written pursuant to the cited no-fault insurance law.

The trial court found that the tortfeasor had no assets other than a policy of liability insurance that provided $20,000 in benefits, and that the personal injuries and property damage of the appellants and the life of a

passenger killed in the accident were worth in excess of $20,000. The tortfeasors' insurance company sought to implead Blaylock, West, Georgia Mutual and the heirs of the deceased passenger. The appellants Blaylock and West and the heirs of the deceased conditionally agreed to a division of the proceeds so that $2,500 would be paid to the heirs and $17,500 would be paid to the appellants, subject to the subrogation claims of the appellee insurance company.

The trial court ordered interpleader, permitted the $20,000 to be paid into the registry of the court by the plaintiff in interpleader, and ordered that the plaintiff's costs and fees in the amount of $430 be paid to the plaintiff. The trial judge ordered that $8,883.79 be held in the registry pending further proceedings. He ordered $2,500 be paid to the heirs of the deceased in order that the remainder, $8,186.21, be paid to the appellants. After a further hearing, the trial court allowed subrogation and granted the remaining $8,883.79 to the appellee insurance company.

1. Section 5(d) of the Reparations Act, Code Ann. § 56-3405b (d) (1), was amended by Ga. L. 1976, pp. 1078, 1079.[1] Under the 1976 amendment appellants would be entitled to be completely compensated before subrogation would be allowed. Appellants contend that the amended statute should be applied to this case. The trial judge found that the unamended statute was effective at the time the insurance contract was entered and at the time of the injuries. He held that version applicable to this case, reasoning that any subrogation rights were vested and therefore could not be abrogated by a later statute. We agree. Constitution of Georgia, 1976, Article I, Section I, Paragraph VII (Code Ann. § 2-107, formerly § 2-302); Code Ann. § 102-104; see *Atlantic Loan Co. v. Peterson,* 181 Ga. 266 (182 SE 15) (1935).

---

[1] The section now provides: "Insurers and self-insurers providing benefits without regard to fault . . . shall be subrogated to the rights of the person for whom benefits are provided, to the extent of the benefits provided, (only in the event that the person for whom

2. Appellants contend that the trial court erred in allowing the interpleader and in ordering that plaintiff's costs and fees to be paid from the funds deposited by the plaintiff. Through counsel, appellants "consented to" the "terms, conditions and provisions" of the order allowing interpleader and attorney fees and costs. Having consented, appellants cannot now complain of the allowance of expenses. See also Code Ann. § 37-1503. Appellants seek to avoid their consent to the allowance of interpleader by urging that the sole forum for subrogation provided by the Act (see Footnote 1 above) is arbitration and hence the trial court lacked jurisdiction of the subject matter which cannot be conferred by consent.

Code Ann. § 56-3405b (d) (1) provides that a determination of amounts due on the basis of subrogation to one insurer from another shall be made only by agreement or binding intercompany arbitration. The arbitration portion of the statute contemplates only disputes between insurers. The rights of injured parties are not subject to arbitration under the statute. See also Georgia Rules and Regulations 120-2-28-.09(2)(d). Thus, such traditional procedures as may be proper are

---

benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident) with the right of recovery and the amount thereof shall [sic] be determined by agreement on the basis of tort law between the insurers involved, or, if they fail to agree, by binding intercompany arbitration under procedures approved by the Insurance Commissioner. Expenses incurred in exercising the rights of subrogation hereunder shall be at the sole expense of the insurers and self-insurers involved. If the responsible tortfeasor is uninsured or is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tortfeasor (only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident.)" The words in parentheses were added by Ga. L. 1976, pp. 1078-1079.

applicable and the trial court had jurisdiction and did not err in granting the interpleader.

3. The appellants contend that Code Ann. § 56-3405d as it applies to this case does not provide subrogation rights for the appellee insurance company. Appellee urges that according to the Act it is subrogated to the rights of appellants to the extent of the benefits provided appellants. However, having the right of subrogation does not necessarily establish priorities where the assets of the tortfeasor are inadequate to pay his liabilities. We must still determine who shall bear the loss where the tortfeasor's assets are insufficient to compensate both the injured party and the injured party's no-fault insurance carrier. In order to determine the legislative intent prior to the 1976 clarifying amendment, we must consider the whole Act. Section 9 of the 1974 Act (Ga. L. 1974, p. 113 at 120-121; Code Ann. § 56-3409b), provides that medical payment benefits and uninsured motorist benefits shall be excess over any no-fault benefits required by the Act. This provision shows a legislative intent that an injured person insured pursuant to the Act is to receive full compensation for his injuries before his insurer is compensated on the basis of subrogation rights set forth in section 5 of the Act.[2] If the legislative intent had been otherwise, an insurer would have been authorized to deduct benefits of one kind from benefits of the other kind.

To the extent that appellants have not been compensated for their injuries, the trial court's order of payment to the appellee company is in error. Therefore, that portion of the order which directs payment of $8,883.79 to the appellee company is vacated until determination of the amount, if any, that is due to

---

[2] For example, if East were injured by an uninsured motorist and damaged in the amount of $15,000, East would be entitled to recover $15,000 from his insurer ($5,000 no-fault and $10,000 uninsured motorist). Appellee's argument that where the tortfeasor has $10,000 in insurance, East should get $5,000 and appellee should get $5,000, is untenable in view of section 9 of the Act.

appellants, with the balance, if any, due the appellee insurer.

In view of the foregoing construction of the statute it is unnecessary to consider appellants' constitutional attack and other enumerations of error.

*Judgment affirmed in part and vacated in part. All the Justices concur, except Bowles, J., who is disqualified.*

ARGUED MAY 10, 1977 — DECIDED SEPTEMBER 7, 1977.

*Bailey & Stevens, Grover C. Bailey, Ronald S. Stevens,* for appellants.

*T. Edward Tante, IV, Gettle & Frazer, James G. Hampton, Jesse G. Bowles,* for appellees.