## 57707. UNIGARD INSURANCE COMPANY v. ZIMMERMAN'S, INC. et al.

SHULMAN, Judge.

Appellant-Unigard Insurance Company filed the instant action, seeking recovery against Zimmerman's, Inc., for an alleged breach of various loan-receipt agreements which prohibited Zimmerman's from making any settlements with parties potentially liable for a certain casualty loss (the collapse of a ceiling) forming the subject of the loan-receipt agreements. See, e.g., *Coleman v. State Farm &c. Ins. Co.,* 104 Ga. App. 328 (121 SE2d 833). Unigard sought recovery against other defendants on the ground that these defendants, with knowledge of their liability to Unigard as subrogee of Zimmerman's, procured a release from Zimmerman's for damages resulting from the casualty loss, and thereby induced Zimmerman's to breach the loan-receipt agreements. For the terms of the release, see *Zimmerman's, Inc. v. McDonough Const. Co.,* 240 Ga. 317 (240 SE2d 864). After filing defensive pleadings, Zimmerman's, Inc., moved to dismiss Unigard's action on the ground that it failed to state a claim, and the other defendants moved for summary judgment. The motions were granted by the trial court after hearing, and this appeal follows. For the reasons which follow, we reverse the judgments in favor of Zimmerman's, Inc., Adair Realty Company, and the

co-executors of the Adair estate; we affirm the judgment in favor of Trust Company Bank as trustee for the Dodson Foundation.

1. In granting the various motions, the trial court sustained appellees' contention that under the affirmative allegations of Unigard's complaint, Unigard's subrogation rights remained unaffected by the release, and that therefore, as a matter of law, Unigard could not recover for alleged interference with those subrogation rights (i.e., defendants' alleged acts in inducing Zimmerman's to break its contract with Unigard and the alleged breach itself). We must take issue with this position.

Appellees' argument is premised on the case of *Vigilant Ins. Co. v. Bowman,* 128 Ga. App. 872 (198 SE2d 346), involving an action brought by an insurer against an alleged wrongdoer. In *Vigilant,* the court held that an insurer's subrogation claim cannot be defeated by a general release executed by the insured in favor of the wrongdoer where the wrongdoer took the release with knowledge of the insurer's payment and right of subrogation and without the consent of the insurer.

*Vigilant* neither parallels the instant action in fact nor in principle. Regardless of whether *Vigilant* rests on the theory that the alleged tortfeasor is deemed to take the release subject to and without the destruction of the insurer's subrogation rights or on a fraud theory (see 92 ALR2d 102, § 5), *Vigilant* reaffirms the principle that a wrongdoer will not be permitted to profit from wrongdoing. It would be incongruous to allow the alleged wrongdoers in this case to benefit from their alleged wrongdoings by asserting the inefficacy of the release under the case as plead. The defense sought to be invoked is not for the alleged wrongdoers' benefit. We hold it unavailable here to defeat the allegedly innocent insurer's claims for the insured's alleged breach of the loan-receipt agreement and the other party's alleged tortious inducement of the insured to breach the loan-receipt subrogation contract. Cf. *Allstate Ins. Co. v. Austin,* 120 Ga. App. 430 (1) (170 SE2d 840), where this court refused to allow an insurer participating in conduct jeopardizing subrogation rights to assert that subrogation

rights had been prejudiced. We therefore conclude that the trial court erred in sustaining appellee's claims that appellant was barred, as a matter of law, from recovery.

2. Trust Company Bank, as trustee of the Dodson Foundation, moved for summary judgment on the ground that it performed no act which would induce Zimmerman's to breach any contract with Unigard. In support of this motion, affidavits were submitted which established without contradiction that Trust Company Bank was not aware of and did not participate in negotiations or discussions leading to the execution of the release on June 5, 1973; that it had no knowledge whatsoever of the release until May, 1976; and that it had never had any knowledge of any obligation or agreement between Unigard and Zimmerman's in the past or as of the time of the affidavits. This showing affirmatively negatived appellant's allegations that appellee-Trust Company Bank had tortiously induced Zimmerman's to breach its contract with Unigard. Cf. *Campbell v. Carroll,* 121 Ga. App. 497, 500 (174 SE2d 375), affd. 226 Ga. 700 (177 SE2d 83). In the absence of some countershowing by appellant, the trial court properly granted summary judgment in favor of appellee-Trust Company Bank.

3. The errors sought to be asserted on appeal against appellee-Adair estate are apparent from the notice of appeal, the record and the enumeration of errors. Accordingly, the judgment as to the Adair estate is reviewable by this court. *Contractors Mgt. Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116 (1) (220 SE2d 473). See generally *Hughes Motor Co. v. First Nat. Bank,* 136 Ga. App. 295 (1) (220 SE2d 782).

4. In the absence of a motion or a hearing to determine whether appellant exercised reasonable diligence in perfecting service on the Adair estate, this court will not consider the Adair estate's contention that appellant's claim is barred by reason of untimely service. Cf. *Peachtree-Piedmont Assoc. v. Tower Place Billjohn, Inc.,* 150 Ga. App. 292 (1979). As to the dismissal of an action for failure to timely perfect service, see *Hunt v. O'Neal,* 143 Ga. App. 313 (238 SE2d 286).

5. Appellee-Zimmerman's remaining arguments that summary judgment was proper because appellant

failed to establish that parties which were allegedly released were otherwise liable to Zimmerman's was not advanced as a basis for summary judgment in the trial court. Appellee-Zimmerman's neither submitted affidavits which addressed this issue nor raised the issue in some other way in the trial court. The argument cannot serve as a basis for summary judgment.

*Judgment affirmed as to Trust Company Bank as trustee for James Glenwell and Clara May Dodson Foundation; judgment reversed as to Zimmerman's, Inc.; Adair Realty Company; and Marisa R. Allen and Trust Company Bank as Co-executors of the estate of Jack Adair. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 11, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARINGS DENIED SEPTEMBER 19, 1979 —

*Kirby G. Bailey,* for appellant.

*G. A. Friedlander, Earnest H. DeLong, Jr., James H. Wilson, Jr., John W. Bonds, Jr., Ann Wooten, James J. Brissette,* for appellees.