35635. ALLEN et al. v. UNIGARD INSURANCE
COMPANY.
35636. ADAIR REALTY COMPANY v. UNIGARD
INSURANCE COMPANY.
35637. ZIMMERMAN'S, INC. v. UNIGARD
INSURANCE COMPANY.

CLARKE, Justice.

This case comes before the court on a writ of certiorari which was granted for the purpose of considering whether the Court of Appeals properly applied the law of *Vigilant Ins. Co. v. Bowman,* 128 Ga. App. 872 (198 SE2d 346) (1973).

Unigard, plaintiff in the trial court, brought suit against defendant Zimmerman's, Inc. for breach of a loan receipt agreement prohibiting Zimmerman's from making any settlement with parties potentially liable for a certain casualty loss. Unigard's action against the other defendants is based upon the claim that these defendants induced Zimmerman's to breach the loan receipt agreement and, further, accepted a release with knowledge of Unigard's subrogation rights. The trial court granted Zimmerman's motion to dismiss and the other defendants' motions for summary judgment. The trial court's rulings were based upon the rule pronounced in *Vigilant Ins. Co. v. Bowman,* supra, to the effect that an insurer's rights under a subrogation agreement are not cut off by a release given by its insured to a wrongdoer when the wrongdoer accepts the release with knowledge of the insurer's subrogation rights.

The Court of Appeals reversed the trial court, holding that *Vigilant* "neither parallels the instant case in fact nor in principle." *Unigard Ins. Co. v. Zimmerman's, Inc.,* 151 Ga. App. 394, 395 (259 SE2d 652) (1979). The Court of Appeals also held "it would be incongruous to allow the alleged wrongdoers in this case to benefit from their alleged wrongdoing by asserting the inefficacy of the release under the case as pled [sic]." Id.

The defendants make a strong argument that since *Vigilant* allows Unigard to proceed in its own name (even though it may not proceed in Zimmerman's name, see

*Zimmerman's, Inc. v. McDonough Const. Co.,* 240 Ga. 317 (240 SE2d 864) (1977)), it has suffered no damage by reason of the release being given by Zimmerman's.

We cannot agree with the position of the defendants. In *Vigilant,* the court held that an insurer might have rights of subrogation arising from two sources. Historically, and as a matter of general law, the right of an insurer to subrogation is an equitable one and does not rest on any contractual relationship or privity between the insurer and the wrongdoer. *Holcombe v. Richmond & Danville R.,* 78 Ga. 776 (3 SE 755) (1887); *Fireman's Fund Ins. Co. v. Thomas,* 49 Ga. App. 731 (176 SE 690) (1934). In addition to this equitable right, an insurer may also have a contractual right which depends upon the terms of the agreement between itself and its insured. The Court of Appeals in *Vigilant* then proceeded to apply equitable principles in order to find that the prior release taken with knowledge of the subrogation right did not defeat the insurer's right to proceed in its own name. *Vigilant* simply provides protection for a party who has been wronged. It was never intended as a vehicle in which the wrongdoer can ride to a haven of immunity. *Vigilant* provided a remedy but we do not find this remedy to be exclusive. Under the factual situation existing in these cases, the right which *Vigilant* grants is a cumulative right. If defendants here can be proved to be wrongdoers, they cannot hide behind the fact that plaintiff may have some other remedy which arose as a result of the application of equitable principles. The rule pronounced in *Vigilant* does not constitute a substitution of one remedy for another but, rather, makes available an additional remedy.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1980 — DECIDED FEBRUARY 26, 1980 — REHEARING DENIED MARCH 18, 1980 IN CASE NOS. 35635, 35636.

*James H. Wilson, Jr., John W. Bonds, Jr., Earnest H. DeLong, Jr.,* for Allen et al. and Adair Realty Company.

*Kirby G. Bailey, Gerald A. Friedlander, James J. Brissette, A. Felton Jenkins, Mary Anne Wooten,* for

appellee (Case Nos. 35635, 35636).

*Gerald A. Friedlander, James J. Brissette,* for Zimmerman's, Inc.,

*Kirby G. Bailey, Earnest H. DeLong, Jr., John J. Wilson, Jr., John W. Bonds, Jr., A. Felton Jenkins,* for appellee (Case No. 35637).