61876, 61877. UNITED STATES FIDELITY & GUARANTY COMPANY v. RYDER TRUCK LINES, INC.; and vice versa.
61878, 61879. RYDER TRUCK LINES, INC. v. UNITED STATES FIDELITY & GUARANTY COMPANY; and vice versa.

McMURRAY, Presiding Judge.

On December 18, 1975, a collision of automobiles occurred between a vehicle driven by I. A. Sellars and a truck leased by Ryder Truck Lines, Inc. (Ryder).

Sellars had a no-fault automobile insurance policy with United States Fidelity & Guaranty Company (USF&G). Sellars claimed no-fault benefits from USF&G and sued Ryder in federal court. Apparently Ryder was a self-insurer.

USF&G paid Sellars $25,000 (policy limits — final payment on or about September 22, 1977) and informed Ryder that USF&G claimed subrogation rights under Code Ann. § 56-3405b (d) (1) of the Georgia Motor Vehicle Accident Reparations Act, as amended (Ga. L. 1974, pp. 113, 118; 1976, pp. 1078, 1079; 1976, p. 1513; 1976, p. 1523; 1978, p. 2075). It requested reimbursement for the $25,000 USF&G had paid to Sellars. The law (Code Ann. § 56-3405b, supra) in effect in 1975 at the time of the collision and at the time the payment was made to Sellars by USF&G (final payment on or about September 22, 1977) was that insurers and self-insurers providing benefits without regard to fault "shall be subrogated to the rights of the person for whom benefits are provided, to the extent of the benefits provided, with the right of recovery and the amount thereof [to] be determined

by agreement on the basis of tort law between the insurers involved, or, if they fail to agree, by binding inter-company arbitration . . ." USF&G contends that the law having been amended to add, "*only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle* accident . . ." (emphasis supplied) by Ga. L. 1976, pp. 1078, 1079, tolled the statute of limitation from December 18, 1975, to the date of final compensation "for all economic and noneconomic losses incurred" (January 3, 1978). However, Ryder contends that at the time of the incident in 1975 the above italicized language was not in the statute, and the subrogation rights should be applied according to the statute, unamended by the 1976 law (Ga. L. 1976, pp. 1078, 1079), which would not require that complete compensation for all economic and noneconomic losses be paid to the person for whom benefits are provided before subrogation was allowed. See *Blaylock v. Ga. Mut. Ins. Co.,* 239 Ga. 462, 463 (238 SE2d 105). Hence, the statute of limitation commenced on December 18, 1975, after the collision and not at the time payment was made to the insured (final payment made on or about September 22, 1977 or January 3, 1978, when all losses were received).

On January 3, 1978, Ryder settled the suit of Sellars and wife, and they released Ryder of all claims by a "husband and wife release" as a compromise settlement and not as an admission of liability.

USF&G filed its claim against Ryder with the arbitration board on October 24, 1978, pursuant to the no-fault insurance law as it existed prior to the amendment effective April 6, 1978 (Code Ann. § 56-3405b, supra, as amended by Ga. L. 1978, p. 2075). The General Assembly in 1978 had amended Code Ann. § 56-3405b, supra, effective April 6, 1978. The law now reads that insurers and self-insurers providing benefits without regard to fault "shall not be subrogated to the rights of the person for whom benefits are provided, except . . ." motor vehicle collisions involving two or more vehicles in which at least one motor vehicle weighs more than 6,500 pounds unloaded. The law further reads that the "right of recovery and the amount thereof shall be determined on the basis of tort law between the insurers or self-insurers involved." The procedure for arbitration was eliminated by this amendment. However, subrogation apparently remains if one of the vehicles weighs more than 6,500 pounds unloaded. Ryder, however, contested the right to arbitration on several grounds.

The arbitration board had a hearing on the matter on March 15, 1979, and awarded USF&G $25,000 on August 31, 1979.

Whereupon Ryder on October 7, 1979, filed this declaratory

judgment action seeking to determine its rights in the face of the board's award.

USF&G answered (November 7, 1979), in general, denying the claim, that is, plaintiff's right to declaratory relief, but counterclaimed for the award of the board plus expenses. It then amended on January 11, 1980, seeking the money it had paid to Sellars, its insured.

Both parties moved for summary judgment. The case came on for hearing, and the trial court set forth in general, the above facts as having been admitted. It then set forth its conclusions of law with reference to the declaratory action it had under consideration; that is: (1) Defendant's counterclaims against the plaintiff are not barred by the statute of limitation; (2) Defendant had a right of subrogation and to make claim against Ryder under Code Ann. § 56-3405b (d) as the law stood in 1976 upon the complete compensation of the injured Sellars on January 3, 1978; (3) The applicable statute of limitation for personal injuries was two years and included defendant's claim via subrogation since the subrogation statute provides a new procedure if not a new right; (4) Count 1 of defendant's counterclaim was clearly timely; (5) Count 2, although filed outside the limitation, related back to the transaction and occurrence and was proper since it survives the limitation statute; (6) Defendant has a subrogated claim against the self-insured plaintiff, it having vested under the 1976 version of Code Ann. § 56-3405b (d) (1) (1976) upon the complete compensation of the insured Sellars on January 3, 1978; (7) But, *the statute was changed, and the arbitration board was an improper forum,* and its award is without effect, the procedure pressing the right of subrogation was changed when the statute was amended April 5, 1978; (8) Sellars' release of plaintiff does not annul defendant's right of subrogation where plaintiff (Ryder) knew of USF&G's payment, of USF&G's claim via subrogation and USF&G did not consent to the release. In substance, the court held the arbitration board was an improper forum to hear the claim, its award invalid, and the court would not consider whether the board's rules are unconstitutional. Consequently, under plaintiff's action for declaratory judgment same was proper, and as to Count 1, the court denied defendant's motion for summary judgment because the arbitration board procedure had been stricken, was void and without any effect. As to Count 2 of the counterclaim by the defendant, even though framed as one against an uninsured tortfeasor, the claim was proper, and questions of fact exist as to its outcome. Hence, defendant's motion for summary judgment as to this claim was denied.

Under the declaratory aspects of plaintiff's claim, the court

determined plaintiff was entitled to judgment declaring the arbitration board award to be void and without any effect. It then held defendant's counterclaim in Count 1 is without merit, and judgment was ordered entered for the plaintiff. This was tantamount to the grant of a partial summary judgment in favor of the plaintiff, but since questions of fact remain as to Count 2 of defendant's counterclaim, plaintiff's motion for summary judgment was denied as to this claim and defendant's counterclaim was to proceed to trial.

Defendant USF&G in Case No. 61876 appeals the grant of a partial summary judgment as to plaintiff's motion which was also partially denied, and the trial court's denial of defendant's motion for summary judgment. Defendant USF&G was granted an interlocutory appeal by certificate for immediate review and order in Case No. 61879. Plaintiff Ryder likewise has obtained a certificate for immediate review as to the denial of its motion for summary judgment and has been granted an appeal in Case No. 61878. Case No. 61877 is an exact duplicate of Case No. 61878 by direct appeal and will not be considered further. *Held:*

1. Under the status of these four appeals, one of which is a direct appeal and two others by reason of the order of this court (the fourth, a mere duplicate appeal), all rulings below may be reviewed "without regard to the appealability" of same. In *Southeast Ceramics, Inc. v. Klem,* 246 Ga. 294 (1), 295 (271 SE2d 199), the Supreme Court held "that when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." We proceed to a complete review at this time.

2. The insurer's claim against the so-called self-insurer is based upon the statutory subrogation provisions of the Georgia Motor Vehicle Accident Reparations Act (no-fault insurance). At the time of the incident in question (*December 18, 1975*), the law authorized subrogation, and the insurer's right to subrogation vested, albeit two amendments occurred in this law prior to this decision under review (1976 and 1978). See *Blaylock v. Ga. Mut. Ins. Co.,* 239 Ga. 462, 463 (1), supra, holding that "any subrogation rights were vested" and could not be abrogated by a later statute, having vested "at the time the insurance contract was entered and at the time of the injuries." At that point in time insurers and self-insurers (if Ryder be a self-insurer) would be entitled to subrogation under the statute "with the right of recovery and the amount thereof . . . determined by agreement on the basis of tort law between the insurers involved, or, if they fail to agree, by binding inter-company arbitration under procedures approved by the Insurance Commissioner." *Blaylock,* supra, at page 464, Division 2, held that "[t]he arbitration portion of

the statute contemplates only disputes between insurers." (However, we do not believe this language was meant to exclude self-insurers not there involved.)

But, the arbitration procedure was stricken by the amendment of 1978 (Ga. L. 1978, pp. 2075, 2076), which incidentally limited subrogation rights to motor vehicle collisions of two or more vehicles, one of which must weigh "more than 6,500 pounds unloaded." Consequently, the trial court did not err in holding the arbitration board was an improper forum and the award made in 1978 after this amendment, was without effect, citing *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 865 (149 SE2d 864). The insurer had a vested right to subrogation, but this did not prevent the General Assembly from abrogating the procedure for obtaining same through the arbitration board which now no longer exists as to this particular law. See *Willis v. Fincher,* 68 Ga. 444; *Baker v. Smith,* 91 Ga. 142 (1) (16 SE 967); *Godwin v. Hudson,* 94 Ga. App. 491 (1) (95 SE2d 291); *Pritchard v. Savannah Street &c. R. Co.,* 87 Ga. 294, 299 (13 SE 493); *Scott v. Oxford,* 105 Ga. App. 301 (1), 304-305 (124 SE2d 420). Here subrogation remains, but the procedural method of obtaining same by and through the arbitration board was stricken. Consequently, it affected no substantive right, but only the procedural method, and the insurer might proceed to subrogation according to the statute. Compare *Bituminous Cas. Corp. v. United Services Auto. Assn.,* 158 Ga. App. 739 (282 SE2d 198).

3. However, the trial court held that a two-year statute of limitation applied to the insurer, as well as to the claim of its insured to whom it was subrogated. See *Houston v. Doe,* 136 Ga. App. 583, 584 (1) (222 SE2d 131). While the result is the same, we believe that the trial court was in error in establishing the claim as based on a two-year statute. Instead, Code Ann. § 3-704 (Ga. L. 1943, p. 333) provides that all suits "for the enforcement of rights accruing to individuals under statutes . . . shall be brought within 20 years after the right of action shall be accrued." Since the statute of limitation had not run, the court did not err in its ruling, even though it applied a two-year statute instead of Code Ann. § 3-704 (Ga. L. 1943, p. 333). See *Perry & Co. v. Knight Ins. Underwriters,* 149 Ga. App. 128, 130 (2) (253 SE2d 808); *Thornton v. Lane,* 11 Ga. 459, 460 (3); *Banks v. Darden,* 18 Ga. 318, 340 (4); *Hargroves v. Chambers,* 30 Ga. 580, 581 (5); *Lane v. Morris,* 10 Ga. 162 (1); *Butler v. Mobley,* 170 Ga. 265, 266 (9) (152 SE 229); *Best v. Maddox,* 185 Ga. 78 (5) (194 SE 578). Compare *Harris v. Smith,* 68 Ga. 461; *Harrison v. C. & S. Nat. Bank,* 185 Ga. 556 (2), 559-560 (195 SE 750); *Bankers Fidelity Life Ins. Co. v. Oliver,* 106 Ga. App. 305, 311 (126 SE2d 887). Generally, a subrogee takes the place of its insured by reason of contract to whose rights he stands subrogated subject also

to the same limitations. *Bickerstaff v. Ellis,* 204 Ga. 734 (51 SE2d 821); *Liberty Mutual Ins. Co. v. Alsco Constr., Inc.,* 144 Ga. App. 307 (240 SE2d 899). Here plaintiff contends the right to bring the action to enforce a claim would have been barred by limitations had there been no subrogation. Thus, it is argued the subrogee's rights to subrogation are also barred. See *Bickerstaff v. Ellis,* 204 Ga. 734, supra; *Hull v. Myers,* 90 Ga. 674, 675 (4), 681-683 (16 SE 653); *Houston v. Doe,* 136 Ga. App. 583, supra. But compare *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447, 450 (fn. 8) (271 SE2d 844), as to the comparison of conventional and legal (equitable) subrogation to purely statutory subrogation which governs the extent of the subrogation rights here. This right is not one applicable to the public at large, but to individuals (corporations) complying with this statute. See *Crow v. McCallum,* 215 Ga. 692, 696 (113 SE2d 203); *Perry & Co. v. Knight Ins. Underwriters,* 149 Ga. App. 128, 129-130, supra.

Accordingly, the trial court did not err in declaring the award of the arbitration board to be void and without any effect, in denying the defendant's motion for summary judgment as to Count 1 of the counterclaim and in granting summary judgment in favor of the plaintiff as to Count 1 of the counterclaim since the nullity of the arbitration award controls these last two rulings. The court did not err in holding the defendant's counterclaims were not barred by the statute of limitation, that a self-insurer is subject to a no-fault subrogation claim, and the release of plaintiff Ryder as to the tort case in federal court would not bar the subrogation claim here. The release was executed without the consent of USF&G, and at that time of execution, Ryder had actual knowledge of USF&G's subrogation claim. Ryder, the tortfeasor (wrongdoer), could not obtain the release so as to protect Ryder, the self-insurer, to prevent USF&G from pursuing its subrogation claim under the statute. See *Vigilant Ins. Co. v. Bowman,* 128 Ga. App. 872, 874 (198 SE2d 346); *Allen v. Unigard Ins. Co.,* 245 Ga. 475, 476 (265 SE2d 774). Compare *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447, 454, supra; *Unigard Ins. Co. v. Zimmerman's, Inc.,* 151 Ga. App. 394, 395 (1) (259 SE2d 652). The cases of *Georgia Farm Bureau Mut. Ins. Co. v. Southeastern Fidelity Ins. Co.,* 144 Ga. App. 811, 812 (242 SE2d 743), and *Aetna Cas. &c. Co. v. Sosebee,* 150 Ga. App. 354, 355 (258 SE2d 37), are not controlling so as to destroy USF&G's rights to subrogation by the release obtained by Ryder.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1981 —
REHEARING DENIED DECEMBER 8, 1981 IN CASE NOS. 61877 AND 61878.

*H. Lowell Hopkins, Patrick J. McKenna,* for appellant.
*George R. Neuhauser,* for appellee.