0102

Johnny JOHNSON, General Motors Acceptance Corporation and Motors Insurance Corporation, Appellants, v. Lois McCorkle WRIGHT, Respondent.

(313 S. E. (2d) 342)

Court of Appeals

*James M. Herring* and *Curtis L. Coltrane,* of *Herring & Meyer,* Hilton Head Island, *for appellants.*

*James M. Herring* and *Curtis L. Coltrane,* both of Hilton Head Island, *for respondent.*

Feb. 27, 1984.

GOOLSBY, Judge:

This is an action by the appellants Johnny Johnson, General Motors Acceptance Corporation (GMAC), and Motor Insurance Corporation (MIC) for damages to an automobile. After the action was filed, it was referred to a master who recommended dismissal of the complaint. The trial judge agreed with the master and dismissed the complaint. We affirm.

On March 7, 1974, an automobile owned and driven by Johnson collided with an automobile driven by the respondent Lois McCorkle Wright and insured by the Traveler's Insurance Company. Johnson's automobile was financed by GMAC and was insured by MIC. It also served as collateral for the loan made to Johnson by GMAC. The latter's security interest in Johnson's vehicle was properly recorded with the South Carolina Department of Highways and Public Transportation (Department). *See* S. C. Code Annot. Section 56-19-630 (1976).

For the purpose of this suit only, Wright admitted liability in causing the accident. Damage to Johnson's automobile amounted to $624.37. In settlement of Johnson's claim against Wright, Traveler's delivered to him two checks totalling $624.37. Johnson, in turn, transmitted them to GMAC. Upon receipt of the checks, GMAC notified Traveler's of its security interest in the wrecked car and requested Traveler's to reissue checks payable to both Johnson and GMAC.

Instead of returning the checks to Traveler's for cancellation and the reissuance of new ones, GMAC gave them back to Johnson. He cashed the checks not long afterward and thereby finalized the settlement which he made earlier with Traveler's. Johnson, however, did not use the proceeds to pay for the repair of his vehicle.

GMAC repossessed the secured vehicle after Johnson, apparently, defaulted on his car payments. Before taking possession, GMAC paid $624.37 for the cost of repairing the car. MIC subsequently reimbursed GMAC the latter sum, and GMAC subrogated to MIC a purported claim against Wright for that amount. This action followed.

The principal issue on appeal concerns whether MIC, as GMAC's subrogee, can recover from Wright the amount paid by GMAC for the repair of property under lien damaged while in Johnson's possession. We note that there is no appeal from

the finding by the trial judge that payment by Traveler's to Johnson completely discharged Wright's liability to him; therefore, the only interests with which we need concern ourselves are those of GMAC and MIC.

The appellants assert that, because Wright and Traveler's had record notice as well as actual notice of GMAC's security interest in Johnson's vehicle before the settlement of Johnson's claim against Wright was concluded, GMAC or its subrogee can maintain an action against Wright to recover property damages.

First of all, we do not agree that Wright and her carrier had record notice of GMAC's security interest. The appellants argue that, by GMAC perfecting its security interest in accordance with Section 56-19-630 of the Code, Wright and Traveler's had record notice pursuant to Section 56-19-620 of GMAC's security interest in Johnson's vehicle and, consequently, had a duty to ascertain its existence by making appropriate inquiry of the Department.

Section 56-19-620 is designed to provide protection to the lienholder that records its security interest against only those who seek to assert an interest in the secured vehicle. The statute specifically refers to creditors of the owner and to subsequent transferees and lienholders. Section 56-19-620 is inapplicable and furnishes no record notice to parties who have neither an interest in nor a claim upon a secured vehicle. *See Gibbes Machinery Co. v. Niagara Fire Insurance Company,* 119 S. C. 1, 8, 111 S. E. 805 (1922) (Cothran J., dissenting); *see also* 7A Am. Jur. (2d) *Automobiles and Highway Traffic* Section 31 at 219 (1980).

Tort-feasors, obviously, are not among those given record notice of properly perfected security interests; therefore, the perfecting by GMAC of its security interest in Johnson's vehicle did not provide Wright and her carrier with record notice of that interest. Neither Wright nor Traveler's was obligated to ascertain from Department records whether there were any liens upon Johnson's automobile prior to settlement of Johnson's claim against Wright.

In any event, the case of *Universal C.I.T. Credit Corp. v. Trapp,* 232 S. C. 297, 101 S. E. (2d) 829 (1958), is clearly controlling irrespective of whether Wright and Traveler's had either record notice or actual notice of GMAC's security interest. In

that case, an owner of an automobile, which was collateral for a chattel mortgage, was involved in a collision. He settled with the tort-feasor's carrier who knew of the mortgagee's interest. The Supreme Court held that the mortgagee no longer had a cause of action against the tort-feasor.

The facts of a North Carolina decision relied upon by our Supreme Court in *Universal* are almost identical with those of the instant case. The Supreme Court in *Universal* recounted the case, *Mercer v. New Amsterdam Casualty Co.*, 211 N. C. 288, 189 S. E. 762 (1937), as follows:

> There a representative of the tort-feasor's liability insurer ... talked with one of the plaintiffs, the mortgagees of the damaged motor truck, and was advised of plaintiffs' lien, and request was made that check for settlement of damages to the truck be made to plaintiffs (the mortgagees) and the mortgagor jointly. Defendant's representative made no reply to the request.... Subsequently defendant settled with the mortgagor who executed release and used the money. Nonsuit was affirmed and the court said ... : "The defendant was under no legal duty to protect the plaintiffs, and assumed no obligation to do so. There was no evidence of fraud or collusion. So that neither in contract nor in tort are plaintiffs entitled to maintain their action against the Casualty Company (the tort-feasor's insurer)."

232 S. C. at 301, 101 S. E. (2d) 829.

> Here, neither Wright nor Traveler's was under any legal duty to protect GMAC's interest. Whether Wright or Traveler's had either record notice or actual notice of GMAC's security interest in Johnson's automobile is simply immaterial because Johnson and not GMAC was in possession of the secured vehicle at the time the cause of action accrued. Johnson's acceptance of the settlement constitutes a bar to an action by the lienholder or its subrogee for damages arising out of the same cause of action. Wright's wrongful act produced only one cause of action for property damage, and payment by Traveler's to Johnson in settlement of the cause of action fully satisfied any liability which GMAC or MIC, as a subrogee, might have recovered upon that cause of action. *Universal C.I.T. Credit Corp. v. Trapp, supra; see*

*Harris v. Seaboard Air Line Ry. Co.*, 190 N. C. 480, 130 S. E. 319, 49 A.L.R. 1452 (1925).

Finally, the appellants claim that a tort-feasor cannot defeat the rights of a subrogee by settling with the injured party. The release of a tort-feasor from liability, however, is ineffective in an action by a subrogee only when the tort-feasor has full knowledge of the subrogation claim at the time of the release. *Calvert Fire Insurance Co. v. James*, 236 S. C. 431, 114 S. E. (2d) 832, 92 A.L.R. (2d) 97 (1960); 44 Am. Jur. (2d), *Insurance*, Section 1810 at 800 (1982); 16 COUCH ON INSURANCE, Section 61:10 (2d ed. 1983); 46 C.J.S., *Insurance*, Section 1209(a)(1)(b) (1946); *cf. Vigilant Insurance Co. v. Bowman*, 128 Ga. App. 872, 198 S. E. (2d) 346 (1973). No evidence exists in the record that either MIC or GMAC notified Traveler's of any subrogation claim prior to its settlement with Johnson. In fact, the evidence suggests that the subrogation claim did not arise until *after* Johnson settled with Traveler's.

If an insured owner settles with the tort-feasor and releases the tort-feasor from liability before payment of the loss by the insurance company, as apparently was done in this case, the insurer's right to be subrogated against the tort-feasor is thereby lost. *Calvert Fire Insurance Co. v. James, supra. Hilley v. Blue Ridge Ins. Co.*, 235 N. C. 544, 70 S. E. (2d) 570 (1952). It follows then that the subrogee's action is barred.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

SHAW and CURETON, JJ., concur.