7518

### WILKES v. SOUTHERN RY.

ACTIONS—MORTGAGOR AND MORTGAGEE.—The mortgagor of a chattel after condition broken may, by the consent of the mortgagee or without his consent after demand and refusal, maintain an action against a third party for negligent injury to the chattel. How defendant may protect himself against claims of mortgagee stated.

Before KLUGH, J., Fairfield, February, 1909. Affirmed.

Action by Jas. Y. Wilkes against Southern Ry. Co. From judgment on Circuit affirming judgment of magistrate, Jno. D. Blair, defendant, appeals.

*Messrs. McCants & McCants,* for appellant.  *Mr. Jas. G. McCants* cites: *Mortgagee is proper party to sue:* 82 S. C., 500; 48 S. C., 405.  *Magistrate court had no jurisdiction of mortgagor's equity of redemption:* 48 S. C., 405; 51 S. C., 42; 59 S. C., 435; 60 S. C., 103.  *Plaintiff showed no damages cognizable in magistrate court:* 81 S. C., 461.

*Messrs. Ragsdale & Dixon,* contra: *Recovery may be had by mortgagor:* 6 Lawson's R. R. & P., 5011; 5 Ency., 999; 7 Cyc., 18; Bliss on Code Pleading, section 23; 2 Add. on Torts, section 1292; Hawes on Parties to Actions, section 87; 2 R. & M. Dig., 268-73.

March 22, 1910.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  Plaintiff recovered damages for injury to a mule, which was struck by one of defendant's trains.  On cross-examination, he testified: "Mr. Ragsdale has small amount due on this mule under mortgage."  The testimony further showed that this Mr. Ragsdale was a witness for the plaintiff at the trial, and had written a letter to the defendant's stock claim agent for the plaintiff, which was signed by the plaintiff, demanding payment to the plaintiff for the damage to the mule.

The sole question raised by the exceptions, which this Court can consider, is: Did plaintiff have such property rights in the mule that he could maintain the action?

We think this question must be answered in the affirmative.  It is well settled in this State, that, after condition broken, the legal title to mortgaged chattels vests in the mortgagee.  He may maintain an action to recover possession thereof even from the mortgagor, or from any other

person in whose hands he may find them. *Martin* v. *Jenkins,* 51 S. C., 42, 27 S. E., 947 and cases cited. He may also recover of a third person damages for their conversion, injury or destruction. *Wylie* v. *R. R.,* 48 S. C., 405, 26 S. E., 676. The language of some of the cases is that his title is "absolute." But, on examination, these expressions will be found to be mere *dicta.* The cases above cited, and those therein referred to, agree that his title and right of possession are subject to the right of the mortgagor, or his vendee, or a subsequent mortgagee, to redeem before sale, or, after sale, to an accounting in equity for the surplus, if any, after payment of the mortgage debt and interest and the costs and expenses of seizure and sale. It can not, therefore, be said that the title of the mortgagee, after condition broken, is *absolute,* in the strict legal sense of that term. In *Flenniken* v. *Scruggs,* 15 S. C., 91, the Circuit Judge charged the jury: "When there is a breach of the condition of a mortgage of personal property, the article mortgaged becomes the absolute property of the mortgagee, the possession of the mortgagor being thence merely permissive." Responding to an exception to this charge, the Court said: "Whether it is true as an abstract proposition that the mortgagee of personal property becomes the *absolute* owner, in the strict sense of that term, after condition broken, may, doubtless, well be questioned, but there can be no doubt that, after condition broken, the mortgagee may seize and sell the mortgaged property in satisfaction of his debt, and there is as little doubt that, while a public sale is the proper mode, yet, with the consent of the mortgagor, he may sell at private sale, and if he can do this, he certainly may authorize the mortgagor himself to sell or otherwise dispose of the mortgaged property free from the lien of the mortgage. For these purposes, the mortgagee, after condition broken, has all the rights of the absolute owner, and this is manifestly what the charge of the Judge, properly construed, means."

It is sufficient to say that the legal title of the mortgagee and his right of possession, after condition broken, are absolute in him to the extent that he may preserve and protect his rights, under the mortgage, or he may waive them.   But, as between the mortgagor and any other person, who has no interest in the property, the mortgagor has the right of possession and such special property in the mortgaged chattels that he may maintain such actions as may be necessary to protect his possession and his special right therein and thereto.   It would, indeed, be an anomaly to hold that, after condition broken, mortgaged chattels might be taken from the possession of the mortgagor, or injured or destroyed by any trespasser, and the mortgagor could have no redress, except through the mortgagee.   Suppose the mortgage covers numerous chattels, far more in value than enough to secure the debt, and part of the property mortgaged should be converted, injured or destroyed by a trespasser, and the mortgagee should refuse to bring action therefor, because of the sufficiency of the remaining chattels to secure his debt. The boast of the law is that there is no right without a remedy.   In such a case, is the mortgagor to have no remedy?   In 5 A. & E. Enc. L., 999, it is said: "The mortgagor in lawful possession has the right to protect his possession against third parties by appropriate legal remedies; and even if he is in default, but still has possession, he has an interest sufficient to maintain an action against a third party wrongfully converting the property."

It is not necessary, under all circumstances, that the legal title to property, in regard to which an action is brought, shall be in the plaintiff.   For instance, a mere bailee has such special property in the thing bailed that he may maintain such actions as may be necessary to protect it against wrongdoers.   *Jones* v. *McNeill,* 2 Bail., 466; 3 Enc. L., 761.

As we have seen, the mortgagee may sue to recover the property or damages for its conversion, injury or destruction, and if the mortgagor may also sue therefor, the ques-

23—85

tion arises, is the defendant, in such a case, to be harrassed in two actions for the same thing? By no means. Certainly, both mortgagor and mortgagee cannot maintain different actions for the same cause at the same time. But, as we have seen, the right of the mortgagee, after condition broken, is superior to that of the mortgagor; therefore, the pendency of an action by the mortgagee would be a good plea in abatement of an action by the mortgagor, and a judgment in an action by the mortgagee would be a good plea in bar of an action by the mortgagor, for the same cause.

After condition broken, the mortgagee may either bring the action himself, or the mortgagor may bring it by the consent, express or implied, of the mortgagee, or against his consent, after demand and his refusal to bring it. In either event, he would be estopped by the judgment. The defendant in an action brought by the mortgagor can protect himself, either by requiring the plaintiff to prove the consent of the mortgagee, or by having him brought before the Court, under the provisions of section 143 of the Code of Procedure.

Judgment affirmed.

Mr. Justice Gary *concurs in the result.*