9797

## MARTIN v. SEABOARD AIR LINE RY. CO.

### (93 S. E. 336.)

1. CHATTEL MORTGAGES—RIGHTS OF MORTGAGOR—INJURY TO PROPERTY AFTER CONDITION BROKEN.—Although the mortgage given by plaintiff on his automoblie was past due, plaintiff had such property rights as entitled him to maintain an action for injury to the automobile.

2. TRIAL—CHARGING ON FACTS.—The mortgagor after condition broken could, as a matter of law, maintain an action for injuries to the automobile, and the Court, in referring to the automobile as plaintiff's, did not charge on the facts.

Before SEASE, J., Lexington, February, 1916.    Affirmed.

Action by T. L. Martin against the Seaboard Air Line Railway Company.    Judgment for plaintiff, and defendant appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *As to interest of mortgagor in chattel after condition broken:* 44 S. C. 315; 51 S. C. 315.

*Messrs. Melton & Sturkie, Thurmond, Timmerman & Callison* and *A. D. Martin,* for respondent, cite: 7 Cyc. 18; 105 S. C. 140; 37 S. C. 562; 14 A. & E. Ann. Cas. 634; 2 Bail. 466; 70 S. C. 329; 60 S. C. 109; 28 A. & E. Enc. of L. 666; Jones Mortgages 447; 85 S. C. 346, 347.

September 3, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appealed from judgment for plaintiff for negligent injury to plaintiff's automobile.

FOOTNOTE.—As to chattel mortgager's right of action for injury to mortgaged chattels, see notes in 21 A. & E. Ann. Cas. 80.

The exceptions present two assignments of error:

1. That the Court erred in refusing to direct the verdict for defendant, on the ground that plaintiff had no title to the automobile, because he had given a mortgage on it which was past due and unpaid. That defense was properly overruled on the authority of *Wilkes v. Railway*, 85 S. C. 346, 67 S. E. 292, 137 Am. St. Rep. 890, 21 Ann. Cas. 79. See, also, the editorial note to that case, and 11 C. J. 598. Defendant knew of the mortgage, and, under the case cited, could have protected itself against another action by the mortgagee by having him made a party to this action.

2. That the Court charged on the facts in referring to the automobile as plaintiff's property. The right of plaintiff was not a question of fact. As matter of law, under the case cited, he had such property right in the automobile as entitled him to maintain the action.

Judgment affirmed.