17384

UNIVERSAL C. I. T. CREDIT CORPORATION, Appellant, v. Maxey TRAPP and The State Farm Mutual Automobile Insurance Company, Respondents

(101 S. E. (2d) 829)

*Messrs. T. P. Taylor* and *Isadore S. Bernstein,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Respondents,*

February 4, 1958.

Stukes, Chief Justice.

This action in tort was brought upon the theory that the defendants willfully and maliciously interfered with, and deprived plaintiff of, its right to recover for damages to an automobile on which it held a mortgage, by reason of the settlement by the defendants with the mortgagor, after notice of plaintiff's claim.

Plaintiff held the mortgage of one Jeffers on his automobile, which was dated June 8, 1953, payable in monthly installments, with an unpaid balance of about $1,095.00, when the mortgaged automobile was in collision with a car owned and operated by the defendant Trapp on December 9, 1953, before the conditions of the mortgage were broken and when the mortgagor was in possession. Trapp was insured against liability by his present codefendant Insurance Company. Plaintiff afterward, when the mortgage became in default, repossessed the damaged automobile of its mortgagor, Jeffers, and later realized its salvage value, about $146.00.

Jeffers brought an action against Trapp for damages for his personal injuries and for damages to the automobile. While that action was pending, plaintiff wrote a letter, dated March 3, 1954, to defendant Trapp, copy to the defendant Insurance Company, advising of its mortgage lien

on Jeffers' car and giving notice that in the settlement of Jeffers' claim against Trapp, plaintiff's interest as lienholder must be respected and that in any check issued in payment or compromise of the claim, plaintiff must be included as a payee. The letter and notice were ignored by the addresses and plaintiff wrote a second letter, dated March 23, 1954, which was addressed to the defendant Insurance Company, referring to its former letter of March 3rd addressed to Trapp, and asking for information of the intentions of the addressee and of the status of Jeffers' claim. This letter was also ignored by the addressee. Subsequently Jeffers's action was compromised by the payment by defendant Insurance Company of the sum of $3,300.00 in settlement and for release of Jeffers' claims for personal injuries and for damage to the automobile.

The defendants demurred to the complaint. The demurrer was overruled. They then answered, denying any duty to plaintiff, and the case went to trial. At the conclusion of the evidence for the plaintiff, nonsuit was ordered, and plaintiff appealed.

The judgment of nonsuit was based upon three grounds, to wit, (1) there was no legal duty resting upon the defendant Insurance Company to do anything concerning the alleged right of plaintiff; there was no privity of contract; (2) there is no way to segregate the respective damages recovered in the former action for bodily injuries and property damages; and (3) plaintiff had the opportunity to protect its rights; especially after notice, by intervening in Jeffers' action for damages.

The contention of appellant appears to be novel in this court, although we do have the following tangent cases. In *Wilkes v. Southern Ry.,* 85 S. C. 346, 67 S. E. 292, 137 Am. St. Rep. 903, 21 Am. Cas. 79, it was held that a mortgagor may bring an action against a tortfeasor for damages to, or destruction of, the mortgaged chattel, which right the mortgagee also has; but the mortgagor and the mortgagee cannot maintain separate actions for the same cause at the

same time; after condition broken, the mortgagee's right to sue is superior to that of the mortgagor. That case was reaffirmed and applied in *Martin v. Seaboard Air Line Ry. Co.*, 108 S. C. 130, 93 S. E. 336, where the defendant tortfeasor unsuccessfully contended that the plaintiff mortgagor could not recover for damages to the mortgaged automobile for lack of title to it because the mortgage was past due and unpaid. The court significantly said: "Defendant knew of the mortgage, and, under the case cited, could have protected itself against another action by the mortgagee by having him made a party to this action." Conversely, the plaintiff in this case could have protected its rights by intervening in the action by its mortgagor against the tortfeasor. The *Wilkes case* was cited with approval in the annotated case of *Harris v. Seaboard Air Line Ry. Co.*, 190 N. C. 480, 130 S. E. 319, 323, 49 A. L. R. 1452. In that case the mortgagor's right to compromise and settle claim against a tortfeasor for damages to the mortgaged automobile was upheld, and the mortgagee's subsequent action was dismissed. It was concluded by the court that, quoting, "When the mortgagor has received payment for the damages, he holds the same in trust for his mortgagee who may enforce the trust by apropriate proceedings." It was earlier said in the opinion: "A release by the mortgagor, in possession at the time the cause of action accrues, is a bar to an action by the mortgagee for damages arising from the same cause of action. It would be manifestly unjust to hold that a tortfeasor is liable to (for?) damages resulting from the same wrongful act to both mortgagee and mortgagor. Only one cause of action arises from the wrongful act. Payment of damages to one who may maintain an action to recover same is and ought to be a full satisfaction of liability to another who might have recovered upon the same cause of action."

The appeal of the case in hand has been argued as if it were against the defendant insurer alone—perhaps because plaintiff considers the defendant tortfeasor insolvent. It is not an action against him for damages negligently inflicted,

or against the mortgagor to recover a portion of the proceeds of the settlement as being held in trust for plaintiff; but it is against the tortfeasor (and his insurer) upon the tort theory that he and his codefendant insurer, quoting from the brief: "willfully and maliciously interfered with and barred the right of plaintiff to recover damages for the destruction of an automobile on which it held a chattel mortgage which subsequently became in default, by reason of the fact that the defendants settled with the mortgagor after receiving notice of plaintiff's claim."

Considering the action as against the insurer alone, it is identical in facts with *Mercer v. New Amsterdam Casualty Co.,* 211 N. C. 288, 189 S. E. 762, 763. There a representative of the tortfeasor's liability insurer, the defendant, talked with one of the plaintiffs, the mortgagees of the damaged motor truck, and was advised of plaintiffs' lien, and request was made that check for settlement of the damages to the truck be made to plaintiffs (the mortgagees) and the mortgagor jointly. Defendant's representative made no reply to the request, just as there was no reply to the instant plaintiff's letters. Subsequently defendant settled with the mortgagor who executed release and used the money. Nonsuit was affirmed and the court said, as we conclude here: "The defendant was under no legal duty to protect the plaintiffs, and assumed no obligation to do so. There was no evidence of fraud or collusion. So that neither in contract nor in tort are plaintiffs entitled to maintain their action against the Casualty Company (the tortfeasor's insurer)."

The Georgia case of *Ellis Motor Co. v. Hancock,* 38 Ga. App. 788, 145 S. E. 518, 519, was an action by the mortgagee (conditional vendor) against the tortfeasor alone. The automobile, in the possession of the vendee, Green, was damaged by the negligence of the defendant, Hancock, who had liability insurance. The insurer negotiated with Green for settlement, pending which plaintiff notified the defendant, Hancock, and his insurer, of its claim of title and of the balance due and demanded that settlement be made with

it, the plaintiff, and not with Green. Notwithstanding the notice and demand, fair settlement was made with Green. It was concluded in favor of the defendant as follows, quoting from the opinion: "The conditional vendee, where he is in legal possession of the property under the conditional sale contract, may sue for the entire damage to the property, holding the recovery, if any, for the use and benefit of himself and of the holder of the legal title, according to their respective interests in the property. Since, under the facts as they appear in this case, Green, in the absence of a settlement, could have brought suit for the entire damage to the property, he necessarily had the power to make a fair settlement of the claim with the tort-feasor. It follows that the settlement between him and the defendant Hancock was a good defense as against the suit of Ellis Motor Company, the conditional vendor."

Appellant relies largely upon *Miller v. Hortman-Salmen Co.,* La. App. 1933, 145 So. 786, and *Lake City Auto Finance Co. v. Waldron,* Fla. 1955, 83 So. (2d) 877, 878. In the first cited a tortfeasor compromised and settled with a mortgagor for collision damage, after notice of the mortgagee's claim and assurance by its insurer's adjuster that no payment would be made to the prejudice of the plaintiff mortgagee's rights, which latter assurance, lacking here, distinguishes the case from that in hand. In the Flordia case the mortgagee notified the tortfeasor of its claim and was told that its name would be included in any settlement check, quoting, "provided the placing of the finance company's name on the check would not jeopardize the settlement that he was about to make with Clark." The Louisiana case was cited with approval by the Flordia Court but was held to be inapplicable because of notice to the mortgagee that a separate settlement might be made; and the court said: "With this notice it was the responsibility of the finance company to take appropriate action to protect its own interest." Appellant also cites *Commerical Securities, Inc., v. Mast,* 1934, 145 Or. 394, 28 P. (2d) 635, 92 A. L. R. 194,

in which it was held that the holder of a mortgage, after condition broken, could maintain an action against a tortfeasor, whose negligence had destroyed the mortgaged automobile, despite release of the tortfeasor by the mortgagor; but in the trial of that case there was erroneously excluded competent evidence which tended to show that the release was not intended to cover the claim of the mortgagee, and the action was remanded for new trial.

Finally, appellant cites *Keels v. Powell,* 207 S. C. 97, 34 S. E. (2d) 482, the facts of which are not comparable to those of the case at bar. There an attorney, employed by written contingent fee contract, communicated in behalf of his client with the claim agent of the tortfeasor who promised to confer with the attorney within a week. Instead, he secretly settled with the client. Demurrer to the complaint was overruled upon the conclusion that it charged defendant with the tort of wilfully and fraudulently inducing the client to violate his contract of employment of the plaintiff. No such allegation or proof appears here.

On the general subject of the rights of a mortgagor against third person tortfeasors see 14 C. J. S., Chattel Mortgages, § 227, p. 832; and as to actions against tortfeasors by the mortgagor and mortgagee, 10 Am. Jur. 837, 838, Chattel Mortgages, Secs. 183, 4.

We think that under the facts of this case the trial court correctly concluded that appellant did not establish the cause of action which it asserted.

Affirmed.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.