21319

William R. TERLINDE and Nancy A. Terlinde, Appellants, v. J. F. NEELY, Sr., C. F. Hailey, and J. D. Galloway, Jr., Respondents.

(271 S. E. (2d) 768)

*S. Jackson Kimball, Roddey, Carpenter & White,* Rock Hill, *for appellants.*

*John M. Spratt, Jr.,* York, and *Robert M. Ward,* Rock Hill, *for respondents.*

October 28, 1980.

LEWIS, Chief Justice:

This action seeks damages for the alleged defective construction of a house. The complaint contains two causes of action, one for breach of implied warranty that the house

was "merchantable," and suitable and fit for its intended purpose, and the other for negligence, recklessness, and wilfulness in the construction of the house by respondents. The matter is here on appeal by the appellants-purchasers from an order by the trial court granting summary judgment in favor of the respondents-builders. The material facts are not in dispute and are taken from the Statement of the case.

The house in question was constructed by respondents and completed in September 1972. It is located in a subdivision owned and developed by respondents and was built for "speculative" sale, *i. e.*, not pursuant to any contract with a purchaser. In April 1973, respondents sold the house to Kenneth M. and Kathleen S. Johnson. In March 1976, the house evidenced substantial settlement, and respondents, upon being advised of the condition, paid to the Johnsons the sum of $230.18, receiving in return a "Receipt and Release." The Johnsons undertook to remedy some of the damage caused by the settlement of the house.

Thereafter, on July 23, 1976, appellants purchased the house from the Johnsons. Within a short period of time after the purchase by appellants, the house evidenced additional substantial settlement of its foundation. Cracks began to appear in the sheetrock walls of the house; the floor began to sink away from the interior walls; doors would not close properly; the brick veneer on the exterior of the house began to crack and separate at the mortar joints; and, upon closer inspection, pillars underneath the house were sinking away from the supporting beams of the floor. An inspection and evaluation by qualified experts indicates that the footings of the house were built on "fill dirt". Estimates to repair the existing damage and remedy all of the cause of the settlement ranged from $5,916.00 to $22,978.73.

The answer of respondents acknowledged that they constructed the house, that they had been advised by the Johnsons (the original purchasers) of the settlement of the house,

that they had paid the sum of money to the Johnsons to correct the damage, and received a release for such payment. Summary judgment on the cause of action for breach of implied warranty was sought on the ground that there was no privity of contract between appellants (the second owners of the house) and respondents, in that respondents made no representations or warranties, either express or implied, to appellants. Summary judgment on the action for negligence was sought on the ground that appellants sustained no personal injuries and alleged no negligent or reckless damage to the house by respondents since appellants acquired title to it. It was also asserted, with reference to the cause of action for negligence, that there was no privity of contract between appellants and respondents and that the house is not an inherently dangerous product.

The trial judge, after meticulously analyzing our case law, concluded the reasons expressed in *Rutledge v. Dodenhoff*, 254 S. C. 407, 175 S. E. (2d) 792, and *Lane v. Trenholm Building Company*, 267 S. C. 497, 229 S. E. (2d) 728, for holding a builder to an implied warranty for a new house do not exist since the home, in this case, is about three years old. Hence, he held the plaintiffs-appellants had no privity to pursue an action in contract. We disagree that the consideration of these cases requires a dismissal and that privity is required.

The central issue in this case is whether or not a subsequent purchaser of a house may pursue a cause of action in contract or tort against a home builder for a reasonable period after the dwelling's construction. We follow the import and holdings of our previous decisions and the precedents of other jurisdictions to deny the respondent-builder's motion for summary judgment and allow the case to proceed to a trial on the merits.

The extension of implied warranties to subsequent purchasers is based upon sound legal and policy considerations.

Respondents constructed the dwelling and, as the builder, held out their expertise to prospective buyers. Common experience teaches that latent defects in a house will not manifest themselves for a considerable period of time, likely as alleged in this case, after the original purchaser has sold the property to a subsequent unsuspecting buyer. Furthermore, the character of society has changed such that the ordinary buyer is not in a position to discover hidden defects in a structure, especially at a time when he is provided more elaborate furnishings which tend to obscure the structural integrity of the facility. The fact that the subsequent purchaser did not know the home builder, as did the original purchaser, does not negate the reality of the "holding out" of the builder's expertise and reliance which occurs in the market place. We recognized this concept in *Lane, supra,* by implying a warranty even though the buyer did not know the actual builder and consequently did not rely on his skill.

We also disagree with the conclusion of the trial judge that an equal bargaining position existed between the buyer and the builder because three years was sufficient time for latent defects to come to light. The length of time for latent defects to surface, so as to place subsequent purchasers on equal footing should be controlled by the standard of reasonableness and not an arbitrary time limit created by the Court.

The aforementioned policy considerations aside, the literal holdings of our precedents require reversal of the trial judge on the question of privity. In *Lane, supra,* we held that when a "new building is sold, there is an implied warranty of fitness for its intended use which springs from the sale itself." Recently, we overruled a privity objection and allowed a suit by a subsequent purchaser of a warehouse against a manufacturer of materials used in its construction. See *JKT Company, Inc. v. Hardwick et al.,* S. C. 265 S. E. (2d) 510 1980. In so ruling, we indicated the concept of privity is no longer viable in this jurisdiction. The

only logical application of these principles requires a holding that an implied warranty for latent defects extends to subsequent home purchasers for a reasonable amount of time.

The lower court additionally held that the plaintiffs had no remedy in tort. We disagree.

We have previously allowed the imposition of tort liability to a third party as a result of contractual obligations despite the absence of privity between the tortfeasor and the third party. See *Edward's of Byrnes Downs v. Charleston Sheet Metal Company*, 253 S. C. 537, 172 S. E. (2d) 120. The key inquiry is foreseeability, not privity. In our mobile society, it is clearly foreseeable that more than the original purchaser will seek to enjoy the fruits of the builder's efforts. The plaintiffs, being a member of the class for which the home was constructed, are entitled to a duty of care in construction commensurate with industry standards. In the light of the fact that the home was constructed as speculative, the home builder cannot reasonably argue he envisioned anything but a class of purchasers. By placing this product into the stream of commerce, the builder owes a duty of care to those who will use his product, so as to render him accountable for negligent workmanship.

As we said in *Lane, supra,* our objective is to protect the innocent purchaser from latent defects. The reasoning, which would arbitrarily interpose a first buyer as an obstruction to someone equally as deserving, is incomprehensible. See *Moxley v. Laramie Builders, Inc.*, Wyo., 600 P. (2d) 733; *Brown v. Fowler,* S. D., 279 N. W. (2d) 907; *Barnes v. Mac Brown and Company, Inc.*, Ind., 342 N. E. (2d) 619.

Judgment is accordingly reversed and the case remanded for trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.