IN THE COURT OF APPEALS

FILED

October 2, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

RICHARD BRIGGS and          )   KNOX CIRCUIT
STEPHANIE R. BRIGGS,        )   C. A. NO. 03A01-9603-CV-00115
                            )
                            )
    Plaintiffs-Appellants   )
                            )
                            )
                            )
                            )
                            )
vs.                         )   HON. DALE C. WORKMAN
                            )   JUDGE
                            )
                            )
                            )
                            )
                            )
RIVERSOUND LIMITED PARTNERSHIP,  )   REVERSED AND REMANDED
WILLIAM S. NIX d/b/a WSN         )
ENTERPRISES, GENERAL PARTNER,    )
and DARYL WAGNER,                )
                                 )
    Defendants-Appellees         )


DAVID N. GARST, Lewis, King, Krieg & Waldrop, P.C., Knoxville for appellant.

DAVID E. SMITH, Hodges, Doughty & Carson, Knoxville, for Appellee.


O P I N I O N


                                    McMurray, J.

The single issue in this case is whether a remote purchaser of a home may maintain a negligence action against the builder of the home despite a lack of contractual privity. The trial court granted summary judgment in favor of the defendant and this appeal resulted. We reverse the judgment of the trial court.

The Plaintiffs, Dr. and Mrs. Richard M Briggs, purchased a condominium from the Defendants, Mr. and Mrs. Edward S. Albers in April 1993.[1] Daryl Wagner Construction Co. built the home in 1989. The condominium was a part of a development by Riversound Limited Partnership, William S. Nix d/b/a WSN Enterprises, General Partner. The Briggs' named these parties as defendants, alleging negligence in the construction administration, supervision, inspection and actual construction of the home. Specifically, the plaintiffs claim that their home was damaged due to a leaky basement, which was caused by below grade holes in the basement walls and the general failure of the contractor to install adequate waterproofing of the basement.

The Circuit Court for Knox County granted summary judgment to Riversound Limited, WSN and Daryl Wagner Construction, finding "that the Plaintiffs have not stated a cause of action against

---

[1]A settlement agreement was reached with the Albers, and a voluntary nonsuit was entered against Don Duncan, d/b/a Frontier Home Inspections, who inspected the home for the Briggs prior to their purchase.

these defendants because the Court finds they owed no duty to a remote purchaser of a building they constructed to exercise due care in the construction to prevent subsequent damage to or deterioration of said property."

The Briggs' appeal and present the following issue for our consideration:

> Whether an owner of a residence who lacks privity with the builder thereof may maintain an action against the builder for negligence in the construction of the residence.

Because the trial court based its decision on a question of law, our scope of review is de novo with no presumption of correctness for the trial court's conclusion. Adams v. Dean Roofing Co., 715 S.W.2d 341 (Tenn. App. 1986); Billington v. Crowder, 553 S.W.2d 590 (Tenn. App. 1977).

The Plaintiffs' argue that since this is a negligence claim, privity is not required to maintain this action under Tennessee's anti-privity statute, codified at Tennessee Code Annotated § 29-34-104, which states:

> **Privity not required. --** In all causes of action for personal injury or property damage brought on account of negligence, strict liability or warranty, including

3

actions brought under the provisions of the Uniform Commercial Code, privity shall not be a requirement to maintain said action.

We agree with the Plaintiffs' contention that since they alleged property damage to their home as a result of negligence of the defendants, privity is not required under the statute. Although traditionally this statute has been associated with product liability actions, its plain language in no way limits its application in a way that would preclude it from being applied to subsequent purchasers of a residence.

This Court has previously addressed this issue in <u>Redbud Cooperative Corp. v. Clayton</u>, 700 S.W.2d 551 (Tenn. App. 1985). In <u>Redbud,</u> a homeowner's association and individual homeowners sued a developer over drainage problems. The Court affirmed the award of damages against the developer on a negligence theory, even though the record showed that some homeowners were subsequent purchasers and thus lacked privity with the developer. The Court found that since the judgment could be sustained based upon a negligence theory, the anti-privity statute applied. <u>Id</u>. at 559.

Our Supreme Court has recognized the existence of certain implied warranties of newly constructed homes in <u>Dixon v. Mountain City Construction Co</u>., 632 S.W.2d 538 (Tenn. 1982). The Court

4

limited those warranties to the initial purchasers and limited to actions on an implied warranty theory. This case, however, is not a warranty case but is based upon negligence. In view of the anti-privity statute set about above, we see no reason privity should be required to maintain an action for negligence. We hold that a subsequent purchaser may maintain a negligence action against those who constructed a residence, if the defects claimed to have caused the injury are latent ones, not known or reasonably discoverable to either the previous owners or occupiers, or the subsequent purchaser. Since previous owners may cause damage that a subsequent purchaser might mistakenly attribute to the builder, or worsen a condition caused by the builder, we believe it only fair to require lack of knowledge by the previous owner for the subsequent purchasers to state a claim for negligence as to the builder.

We do not believe that our decision today and that in <u>Redbud</u> contradicts in any way the <u>Dixon</u> case. Although a claim of negligence in the construction of a home is similar to a claim under an implied warranty, there are differences that distinguish the two. The Supreme Court of Colorado discussed the differences between the two theories in <u>Cosmopolitan Homes, Inc. v. Weller</u>, 663 P.2d 1041 (Colo. 1983) (<u>en banc</u>):

5

Some overlap in elements of proof of such actions may occur, but the scope of duty differs and the basis for liability is distinguishable. The implied warranty of habitability and fitness arises from the contractual relation between the builder and the purchaser. Proof of a defect due to improper construction, design, or preparation is sufficient to establish liability in the builder-vendor. Negligence, however, requires that a builder or contractor be held to a standard of reasonable care in the conduct of its duties to the foreseeable users of the property. ... Negligence in tort must establish defects in workmanship, supervision, or design as a responsibility of the individual defendant. Proof of defect alone is not enough to establish the claim Foreseeability limits the scope of the duty, and the passage of time following construction makes causation difficult to prove.

Weller at 1045 (citations omitted).

We also find ample support for our decision from numerous other jurisdictions. See Brown v. Fowler, 279 N.W.2d 907 (S.D. 1979) (subsequent purchasers may state a claim for negligence against a builder, although implied warranties do not extend beyond the first purchaser); Wight v. Creative Corp., 498 P.2d 1179 (Colo. App. 1972)(subsequent purchasers could maintain action for negligence, but not implied warranty of merchantability); Coburn v. Lenox Homes, Inc., 173 Conn. 567, 378 A.2d 599 (1977) (subsequent purchasers may state a claim in negligence for latent defects, although the implied warranty does not extend to them); Parliament Towers Condominium v. Parliament House Realty, Inc., 377 So.2d 976 (Fla. App. 1979)(privity not required for negligence action against

6

builder or architect, but is required for breach of implied warranty); <u>Navajo Circle, Inc. v. Development Concepts Corp.</u>, 373 So. 2d 689 (Fla. App. 1979)(lack of privity does not affect a tort claim so long as the plaintiff can establish the existence of a duty); <u>Simmons v. Owens</u>, 363 So. 2d 142 (Fla. App. 1978)(subsequent purchaser can maintain negligence action against builder for latent defects not discoverable by reasonable inspection); <u>McDonough v. Whalen</u>, 313 N. E. 2d 435 (Mass. 1974)(builder/contractor may be liable for injuries or damage caused by his negligence to person with whom he has no contractual relationship); <u>Keyes v. Guy Bailey Homes, Inc.</u>, 439 So. 2d 670 (Miss. 1983)(builder/vendor may be liable on basis of negligence or breach of implied warranty to subsequent purchasers despite lack of privity); <u>Leigh v. Wadsworth</u>, 361 P. 2d 849 (Okla. 1961)(lack of privity does not bar recovery against builder for conditions immediately dangerous); <u>Terlinde v. Neely</u>, 275 S. C. 395, 271 S. E. 2d 768 (1980)(subsequent purchasers may assert a claim for latent defects under either implied warranty or negligence theories); <u>Moxley v. Larimee Builders, Inc.</u>, 600 P. 2d 733 (Wyo. 1979)(subsequent purchasers may sue for breach of implied warranty as well as state a claim in negligence).

We do not believe that permitting actions against builders based on negligence will subject them to undue hardships. The the General Assembly has imposed a four year statute of limitation on

7

maintaining actions against developers. Tenn. Code Ann. § 28-3-202. This limitation would apply to claims based on negligence such as that presented in this case.

It should be emphasized that our decision is predicated upon this being an action for negligence. We do not address whether remote purchasers have a cause of action against developers under any other theory, and emphasize that under the Dixon case only the initial purchaser may maintain an action under an implied warranty theory. Nor do we address the adequacy of Plaintiffs' proof regarding the alleged negligence of the defendants. However, summary judgment is only to be rendered by a trial court when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.R.C.P. 56.03. In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. Graves v. Anchor Wire Corp. of Tennessee, 692 S.W 2d 420 (Tenn. App. 1985);

8

*Bennett v. Mid-South Terminals Corp.*, 660 S.W.2d 799 (Tenn. App. 1983). Summary judgment is generally inappropriate in a tort action. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn. 1977). Since we conclude that the plaintiff was entitled to maintain an action against the defendants, it follows that summary judgment was not appropriate in this case.

We reverse the judgment of the trial court and remand the cause to the trial court for such other and further action that may be required in conformity with this opinion. Costs are taxed to the appellees.

_____
Don T. McMurray, J.

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

9

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| RICHARD BRIGGS and | ) | KNOX CIRCUIT |
| STEPHANIE R. BRIGGS, | ) | C.A. NO. 03A01-9603-CV-00115 |
| | ) | |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. DALE C. WORKMAN |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| RIVERSOUND LIMITED PARTNERSHIP, | ) | REVERSED AND REMANDED |
| WILLIAM S. NIX d/b/a WSN | ) | |
| ENTERPRISES, GENERAL PARTNER, | ) | |
| and DARYL WAGNER, | ) | |
| | ) | |
| Defendants-Appellees | ) | |

## <u>ORDER</u>

This appeal came on to be heard upon the record from the Circuit Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

We reverse the judgment of the trial court and remand the cause to the trial court for such other and further action that may

be required in conformity with this opinion.  Costs are taxed to the appellees.


PER CURIAM