644 S.E.2d 43

**Ralph C. McCULLOUGH, as Plan Trustee for the Estates of HomeGold, Inc., HomeGold Financial, Inc., and Carolina Investors, Inc., Plaintiff,**

v.

**GOODRICH & PENNINGTON MORTGAGE FUND, INC., Advanta Mortgage Corp., USA, and Chase Home Finance, LLC, Defendants.**

No. 26303.

Supreme Court of South Carolina.

Heard March 20, 2007.

Decided April 9, 2007.

44

Richard G. Gleissner and William R. Padget, both of Finkel Law Firm, of Columbia, for Plaintiff.

Frank Langston Eppes and Jason James Andrighetti, both of Eppes and Plumblee, of Greenville, for Defendant Goodrich & Pennington.

Suzanne Taylor G. Grigg, of Nexsen Pruet, of Columbia, and Laura E. Krabill and Timothy E. Stauss, both of Wolf, Block, Schorr and Solis–Cohen, LLP, of Philadelphia, PA, for Defendant Advanta Mortgage Corp. USA.

C. Mitchell Brown, of Nelson Mullins Riley and Scarborough, of Columbia, William Stevens Brown, of Nelson Mullins Riley & Scarborough, of Greenville, and Gregory T. Parks,

Jami Wintz McKeon, and John C. Goodchild, III, all of Morgan, Lewis and Bockius, LLP, of Philadelphia, PA, for Defendant Chase Home Finance, LLC.

Chief Justice TOAL.

This certified question asks whether South Carolina recognizes a secured creditor's right to bring a claim against a third party for causing a reduction in the value of the secured party's collateral. After giving the question full consideration, we answer "no."

### FACTUAL/PROCEDURAL BACKGROUND

Beginning 1997, Goodrich & Pennington Mortgage Fund, Inc. ("G & P"), an originator of mortgage loans, entered into an agreement with Advanta Mortgage Corp., USA ("Advanta"), in which Advanta agreed to service G & P mortgages.[1] Under a series of separate agreements, G & P was entitled to payments from Advanta related to the servicing of G & P's mortgage loans. In 2001, Advanta appointed Chase Home Finance, LLC ("Chase") as Advanta's attorney-in-fact for servicing the G & P mortgages.

In 1999, G & P entered into a series of loans with Home-Gold Financial, Inc. ("HomeGold"). As collateral for the loans, G & P granted HomeGold a security interest in G & P's contractual right to receive payments under G & P's agreements with Advanta. G & P informed Advanta of this security interest and HomeGold ultimately loaned G & P one million dollars pursuant to the loan agreements.

G & P defaulted on the loan with HomeGold and in December 2005, HomeGold's bankruptcy trustee ("Trustee")[2] filed a complaint in the United States District Court for the District of South Carolina. The complaint alleged breach of contract against G & P, and negligent/wrongful impairment of Home-Gold's security interest in G & P's contractual right to receive

---

1. Under the agreement, "servicing" mortgage loans involved efforts to collect money due under the mortgages and taking appropriate action when the borrower on a mortgage loan defaulted on the obligation to pay.

2. The Trustee is the plan trustee for the bankruptcy estates of Home-Gold, Inc., HomeGold Financial, Inc., and Carolina Investors, Inc.

payments against Advanta and Chase. Specifically, the Trustee alleged that G & P's default was a result of the negligent servicing of the mortgage loans by Advanta and Chase which failed to generate revenue for G & P so that G & P could fulfill its obligations to HomeGold.

The district court granted Advanta and Chase's motions to dismiss the Trustee's claim on the grounds that South Carolina did not recognize a cause of action for negligent/wrongful impairment of collateral. The Trustee moved the district court to reconsider the ruling and to certify the issue for review, and the district court granted the Trustee's motion for the limited purpose of certifying the question to this Court pursuant to Rule 228, SCACR.

This Court accepted the following certified question from United States District Judge G. Ross Anderson, Jr.:

Does South Carolina law recognize a secured creditor's right to bring a claim for negligent/wrongful impairment of collateral where a third party's negligence or other actions caused the erosion, destruction, or reduction in value of the secured party's collateral?

## STANDARD OF REVIEW

In answering a certified question raising a novel question of law, this Court is free to decide the question based on its assessment of which answer and reasoning would best comport with the law and public policies of the state as well as the Court's sense of law, justice, and right. *Peagler v. USAA Ins. Co.*, 368 S.C. 153, 157, 628 S.E.2d 475, 477 (2006).

## LAW/ANALYSIS

This certified question asks whether South Carolina law recognizes a secured creditor's independent right to bring a claim against a third party for causing the reduction in value of the secured party's collateral. We answer "no."

In order for liability to attach based on a theory of negligence, the parties must have a relationship recognized by law as providing the foundation for a duty to prevent an injury. *Huggins v. Citibank, N.A.*, 355 S.C. 329, 333, 585 S.E.2d 275, 277 (2003). An affirmative legal duty may be

created by statute, a contractual relationship, status, property interest, or some other special circumstance. *Madison v. Babcock Ctr., Inc.,* 371 S.C. 123, 136, 638 S.E.2d 650, 656–57 (2006). However, this Court will not extend the concept of a legal duty of care in tort liability beyond reasonable limits. *Huggins,* 355 S.C. at 333, 585 S.E.2d at 277 (holding that the relationship between banks and potential victims of identity theft was too attenuated to establish a duty giving rise to a cause of action for negligent enablement of imposter fraud). With these principles in mind, we turn to the issue of whether South Carolina recognizes a legal duty between a secured creditor and a third party.

### 1. Duty arising from a contract

The Trustee contends that the contractual duties between G & P and Advanta provide the basis for the imposition of a duty of care running from Advanta to G & P's creditor, HomeGold. We disagree.

To support his claim, the Trustee relies on several South Carolina cases where this Court has found that a contractual relationship between the tortfeasor and one party formed the basis of a relationship giving rise to liability for injury to a third party. *See Dorrell v. SCDOT,* 361 S.C. 312, 605 S.E.2d 12 (2004) (holding that a subcontractor hired by SCDOT to repave a roadway owed a duty to motorists using the road); *Barker v. Sauls,* 289 S.C. 121, 345 S.E.2d 244 (1986) (holding that an insurance broker who contracted to sell workers' compensation coverage to an employer was liable to the employee who was denied workers' compensation benefits because the broker failed to procure coverage on behalf of the employer); *Terlinde v. Neely,* 275 S.C. 395, 271 S.E.2d 768 (1980) (holding that a contract between a homebuilder and homeowner extended to future home purchasers because, by placing his product into the stream of commerce, the builder owed a duty of care to the product's users); *Edward's of Byrnes Downs v. Charleston Sheet Metal Co.,* 253 S.C. 537, 172 S.E.2d 120 (1970) (holding that in performing a contract with a building owner for the installation of a roof, the roofer owed a duty of due care to the occupant of the adjacent building to which the work was being performed). According to the Trustee, a contract for services between a debtor and

another party—such as that between Advanta and G & P—establishes a relationship giving rise to the other party's liability for injury to a secured creditor who later acquires a security interest in the debtor's rights under the contract

In the cases relied on by the Trustee, this Court held that a tortfeasor may be liable for injury to a third party arising out of the tortfeasor's contractual relationship with another, despite the absence of privity between the tortfeasor and the third party. Where there is such a contractual basis for a legal duty to a third party, this Court has determined that the tortfeasor's liability exists independently of the contract and rests upon the common law duty to exercise due care to foreseeable plaintiffs. *See, e.g., Dorrell*, 361 S.C. at 318, 605 S.E.2d at 15. In *Terlinde*, which addressed the duty of a homebuilder to future homeowners, the Court articulated several public policy considerations upon which it's opinion was based; specifically, that the ordinary buyer was not in a position to discover latent defects in a structure, and that the lapse of time before which latent defects manifest themselves created unequal bargaining positions between the subsequent purchaser and the builder. 275 S.C. at 397–98, 271 S.E.2d at 769.

Turning to the instant case, we find that the circumstances under which a secured creditor obtains a security interest in contract rights is distinguishable from situations in which this Court has established a contractual basis for a legal duty to a third party. For example, in *Barker*, the employee was an identifiable third party beneficiary of a contract between the employer and an insurance agent providing workers' compensation coverage. *See* 289 S.C. at 122, 345 S.E.2d at 244. In contrast, this case involves a security interest in rights to payment created by a prior contract for services between the debtor and a third party. The contract was neither executed for the purpose of providing collateral for any future loan, nor was the secured creditor otherwise an identifiable beneficiary of the contract at the time of execution. It would be inconsistent with both *Barker* and *Huggins* for this Court to find a duty to a secured creditor based on such an attenuated beneficial relationship to a contract for services between a debtor and a third party.

This Court's decisions in *Dorrell, Terlinde,* and *Edward's of Byrnes Downs* are similarly distinguishable. Each case involved the negligence of homebuilders and contractors in carrying out their contractual duties which created a significant risk of physical injury to foreseeable users of the tortfeasor's end product. In our opinion, a secured creditor is not a foreseeable "user" of rights created pursuant to a contract for services between a debtor and a third party.[3] Furthermore, the policy concerns discussed in *Terlinde* are not at issue where the allegedly injured party is a sophisticated creditor for whom acquiring security interests is typically a calculated business decision in which the creditor is fully aware that some degree of risk of "injury" is involved.

Accordingly, we answer that there is no contractual duty giving rise to a claim by a secured creditor against a third party for negligent impairment of collateral.

### 2. Duty arising from a property interest.

■ The Trustee argues that HomeGold's security interest in G & P's rights to payment is a property interest which serves as the basis for the imposition of a duty in tort by Advanta to HomeGold. We disagree.

■ In South Carolina, legal title to mortgaged chattels vests in the mortgagee after default by the mortgagor. *Wilkes v. S. Ry. Co.,* 85 S.C. 346, 347, 67 S.E. 292, 293 (1910). In recognition of this property interest, this Court has held that a mortgagee has the right to possession of the collateral and the right to recover damages from a third party for conversion, injury or destruction of the collateral. *Id.* at 347–48, 67 S.E. at 293.

Although the Trustee analogizes a security interest in intangible rights to payment with a mortgagee's interest in tangible personal property, only two jurisdictions legitimize such a comparison. *See Baldwin v. Marina City Properties,* 79 Cal.App.3d 393, 403, 145 Cal.Rptr. 406 (1978) ("A holder of a

---

**3.** While it is arguably foreseeable to one contracting party that the other contracting party might grant a security interest in its contractual rights to a creditor, foreseeability of injury to a secured creditor alone is not sufficient to support the imposition of a duty in tort. *See Huggins,* 355 S.C. at 333, 585 S.E.2d at 277.

security interest may maintain an action for the impairment of a security by a third party tortfeasor."); *RFC Capital Corp. v. EarthLink, Inc.*, 2004 WL 2980402, at *18 (Ohio Ct.App.) (unreported opinion) ("Although the security interest impaired in every Ohio case dealing with [an impairment of collateral] claim was real property, we see no reason why security interests in other types of property cannot also be the subject of an impairment claim.")

Existing South Carolina jurisprudence, on the other hand, counsels against adopting such an approach. In fact, this Court has previously expressed an unwillingness to recognize a duty of care based on a secured party's interest in rights to payment. In *Universal C.I.T. Credit Corp. v. Trapp*, 232 S.C. 297, 101 S.E.2d 829 (1958), the mortgagor of an automobile brought a claim for property damage against an at-fault driver (and his insurance company) for damage to the mortgagor's vehicle arising out of an automobile accident. *Id.* at 298, 101 S.E.2d at 830. Although the mortgagee notified the third party tortfeasor of its interest in the vehicle and requested joint payment of the settlement funds, the third party ignored the request and settled directly with the mortgagor. *Id.* at 298–99, 101 S.E.2d at 830. The mortgagee sued the third party for willfully and maliciously interfering with the mortgagee's right to recover damages. *Id.* at 298, 101 S.E.2d at 830.

Although this Court recognized that the property interests of the mortgagor and the mortgagee in the vehicle entitled them both to bring a claim against the third party for damage to the mortgaged chattel, this Court found no legal duty on the part of the third party to ensure that the mortgagee received its interest in the settlement funds.[4] *Id.* at 301, 101 S.E.2d at 832. *See also Johnson v. Wright*, 280 S.C. 535, 313 S.E.2d 343 (Ct.App.1984) (holding that a third party tortfeasor who settled a suit with a mortgagor for property damage arising from an automobile accident had no legal duty to

---

4. Although the Trustee argues that *Wilkes, Universal*, and similar decisions stand for the proposition that a secured creditor may seek recovery from a third party tortfeasor for damage to a security interest, these cases are more accurately characterized as discussions of the priority rules governing mortgagor and mortgagee in bringing actions for damages to collateral that is the subject of a mortgage.

protect the right of a subrogee of the mortgagee to recover damages to the automobile). Other jurisdictions have reached the same conclusion. *See Fidelity Fin. Servs. v. Blaser*, 889 P.2d 268 (Okla.1994), *Harvester Credit Corp. v. Valdez*, 42 Wash.App. 189, 709 P.2d 1233 (1985); *Mercer v. New Amsterdam Cas. Co.*, 211 N.C. 288, 189 S.E. 762 (1937).

Based on this Court's decision in *Universal*, and similar conclusions in other jurisdictions, we do not believe that a security interest in intangible collateral creates the same basis for a legal duty as a secured party's interest in tangible personal property. Accordingly, we answer that there is no property interest in intangible collateral giving rise to a claim by a secured creditor against a third party for negligent impairment of a security interest.

### 3. Duty arising under special circumstances

■ The Trustee analogizes a secured creditor's interest in collateral to the special circumstances under which this Court has recognized a legal duty to a third party. *See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 463 S.E.2d 85 (1995) (holding that the "special relationship" between a design professional and a contractor gives rise to a professional duty—separate and distinct from any contractual duties—to not negligently design or supervise a construction project); *Kennedy v. Columbia Lumber and Mfg. Co., Inc.*, 299 S.C. 335, 384 S.E.2d 730 (1989) (holding that a homebuilder may be liable in tort to future homeowners for both physical and/or economic harm where the builder violates an applicable building code, deviates from industry standards, or constructs a house that he knows or should know will pose serious risks of physical harm). We disagree with this analogy.

The rule advanced by the Trustee would be a considerable extension of this Court's jurisprudence in recognizing a noncontractual basis for a duty in tort to a third party. For example, *Griffin* involved a professional duty based on the "special relationship" between the professional and the third party. 320 S.C. at 53, 463 S.E.2d at 87. In contrast, the Trustee has identified no basis for such a professional duty running from a third party to a secured creditor. Similarly, this Court's opinion in *Kennedy* expanded the homebuilder's

duty of due care previously articulated in the Court's jurisprudence to include liability for foreseeable economic harm to future homebuyers. 299 S.C. at 346, 384 S.E.2d at 737 (citing *Terlinde,* 275 S.C. 395, 271 S.E.2d 768; *Rogers v. Scyphers,* 251 S.C. 128, 161 S.E.2d 81 (1968); *and Kincaid v. Landing Dev. Corp.,* 289 S.C. 89, 344 S.E.2d 869 (Ct.App.1986)). The *Kennedy* court articulated multiple policy reasons for its decision, including the post-World War II boom in new home building in which buyers no longer supervised construction, South Carolina's embrace of the maxim *caveat venditor* ("seller beware"), and the inherently unequal bargaining position of the buyer as against the seller. In light of these trends, the Court reasoned the need to expand traditional concepts of tort duty in order to provide the innocent buyer with protection. 299 S.C. at 344, 384 S.E.2d at 735–36. In contrast, the bargaining positions of secured creditors and the present nature of secured transactions do not implicate any of the legal and policy concerns giving rise to special circumstances under which this Court should recognize a legal duty between a secured creditor and a third party.

Accordingly, we find no foundation for a tort claim by a secured creditor against a third party for negligent impairment of the secured creditor's collateral based on any special circumstances surrounding secured creditors and their security interests.

### *4. Duty established by statute*

The Trustee argues that Article 9 of the Uniform Commercial Code (UCC), S.C.Code Ann. §§ 36–9–101 *et. seq.* (2003 & Supp.2006) recognizes a duty upon which a secured creditor may bring an independent action against a third party for negligent impairment of collateral. We disagree.

Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties. The Trustee argues that S.C.Code Ann. § 36–9–607 (2003) permits a secured creditor to bring an action·against a third party for impairment of collateral. Specifically, the Trustee points to subsection (a)(3) which provides that after default, a secured party may exercise the rights of the debtor with respect to third parties' obligations on the collateral. S.C.Code Ann. § 36–9–607(a)(3) (2003). While this language appears to permit subrogation of

the debtor's rights to the secured party—which could include a claim for damage or destruction to the collateral—it does not purport to permit a separate and independent tort claim by the secured party, and on behalf of the secured party, for impairment of collateral.

Other provisions within § 36–9–607 also refute the Trustee's theory that a statutory duty exists between the secured creditor and a third party. Subsection (e) provides that "[t]his section does not determine whether an account debtor, bank, or other person obligated on collateral owes a duty to the secured party." S.C.Code Ann. § 36–9–607(e) (2003). Furthermore, the Official Comment to § 36–9–607 cautions that "the secured party's rights, as between it and the debtor, to collect from and enforce collateral against account debtors ... are subject to ... applicable law." S.C.Code Ann. § 36–9–607 cmt. 6. As previously discussed, we do not find that "applicable law" in South Carolina recognizes a secured party's right to independently enforce the debtor's rights in intangible collateral.

Furthermore, a legal duty extending from a third party to a secured creditor is not necessary to protect a secured creditor. Under the UCC, a secured party such as HomeGold has a number of means available for protecting its interest in collateral. *See* S.C.Code Ann. § 36–9–601 (2003) (providing that after default, a secured party may enforce a claim or security interest by any available judicial procedure); S.C.Code Ann. § 36–9–609(a)(1) (2003) (providing that after default, a secured party may take possession of the collateral); S.C.Code Ann. § 36–9–607(a)(1) (2003) (providing that after default, the secured party may notify a third party obligated on the collateral of the debtor's default and instruct the third party to make payment to the secured party); S.C.Code Ann. § 36–9–607(a)(2)(2003) (providing that after default, the secured party may take proceeds of collateral to which it is entitled under § 36–9–315) and S.C.Code Ann. § 36–9–102(a)(64)(D) (defining "proceeds" to include any claims arising out of damage to collateral). This wide selection of remedies available to a secured creditor, in our view, counsels strongly against the recognition of a duty in tort between a third party and a secured creditor. *See also Universal,* 232 S.C. at 300, 101 S.E.2d at 831 (noting that where a mortgagor has already filed a claim for damages to collateral, there is no need to create a

duty under which the third party must ensure the mortgagee receives its settlement funds because the mortgagee has other means by which it may protect its interest: namely, intervening in the mortgagor's action or initiating a proceeding to recover the settlement funds under a theory of constructive trust (citing *Martin v. Seaboard Air Line Ry. Co.*, 108 S.C. 130, 131, 93 S.E. 336, 336 (1917) and *Harris v. Seaboard Air Line Ry. Co.*, 190 N.C. 480, 130 S.E. 319, 323 (1925))).

The UCC does not provide for an independent claim for impairment of collateral by the secured creditor against a third party. Instead, the UCC gives a secured creditor numerous options for protecting its security interest from a reduction in value due to third party actions. For these reasons, we do not find a statutory duty extending from a third party to a secured creditor. Accordingly, we answer that South Carolina law does not recognize a secured creditor's independent claim against a third party for negligent impairment of collateral.

### CONCLUSION

For the foregoing reasons, we answer the certified question in this case "no."

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.