**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clifford D. Holley and Sharon Holley, Appellants,

v.

Dan-Sa, Inc.; Charles E. Oman; Janis M. Niemi; Gina L. Pike; Dermac Contractors, LLC; Bluewater Development of South Carolina, LLC; and Blue Ridge Savings Bank, Inc., Defendants,

Of whom Charles E. Oman and Janis M. Niemi are the Respondents.

Appellate Case No. 2015-000652

_____

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2017-UP-243
Heard December 6, 2016 – Filed June 14, 2017

_____

**AFFIRMED**

_____

H. Freeman Belser and William Clayton Dillard, Jr., both of Belser & Belser, PA, of Columbia; and Stephen C. Burn, Jr., of Burn Law Firm, LLC, of Lexington, for Appellants.

Catharine H. Garbee Griffin and Jonathan Blake Asbill, both of Baker Ravenel & Bender, LLP, of Columbia, for Respondents.

————————

**PER CURIAM:** In this negligence action, Clifford D. Holley and Sharon Holley (collectively, the Holleys) appeal the circuit court's order granting summary judgment to Charles E. Oman and Janis M. Niemi (collectively, Respondents). On appeal, the Holleys raise the following issues: whether (1) the circuit court erred in holding Respondents' burial of organic debris on their property was not a material fact in the sale of the property; (2) a vendor of partially improved land has a duty to disclose known, latent defects affecting the suitability of the land for further residential improvements; (3) a vendor's liability for failing to disclose land defects extends to a subvendee; (4) the circuit court erred in holding the Holleys' damages were not caused by Respondents' failure to disclose buried debris; and (5) a residential lot owner who constructs home foundation footings on the lot and then sells it to a builder to complete construction of a speculative home owes a duty of care to a subsequent owner of the fully constructed home. We affirm.

As to whether Respondents owed a duty of care to the Holleys in the clearing of the land and construction of the retaining wall and footings, we find the circuit court did not err in granting summary judgment. Because Respondents did not perform any work with the intention of selling the property, they owed no duty of care to subsequent purchasers to maintain the property in a certain condition or to refrain from any activity affecting the property. *See Smith v. Breedlove*, 377 S.C. 415, 424, 661 S.E.2d 67, 72 (2008) ("[T]he crucial undisputed fact is that Breedlove, when he constructed the residence, did not build or plan to build the home for anyone but his family. He simply did not owe a duty to any future purchaser when no such sale was reasonably expected."); *id.* at 425, 661 S.E.2d at 72–73 ("To hold that a duty arose because it was foreseeable that Breedlove would eventually sell the property, in light of the evidence in the record that the sole purpose for construction was as a permanent residence for Breedlove himself, would completely obviate the foreseeability requirement in determining the existence of a duty."); *cf. Terlinde v. Neely*, 275 S.C. 395, 399, 271 S.E.2d 768, 770 (1980) (holding that because the home was built for "speculative" sale, "the home builder [could not] reasonably argue he envisioned anything but a class of purchasers" and the plaintiffs, as members of that class, were "entitled to a duty of care in construction commensurate with industry standards").

We acknowledge that it appears Respondents changed their plans in July 2007 and decided to construct a "stick built" home rather than use the modular home as their residence.  However, nothing in the record indicates Respondents performed any work with the intention of selling the property.  The record contains a disclosure statement signed by Niemi in which she stated she was seeking a permit to construct a building "for [her] own use and occupancy."  Additionally, Oman submitted an affidavit in which he stated he and Niemi intended to reside on the property in a modular home when they cleared the lot in February 2007.  He stated he and Niemi planned to move the modular home to the smaller of the two lots, and around July 2007, they constructed footings and built a retaining wall.  Oman stated he and Niemi entered into a contract to sell the property to a construction company, Dan-Sa, Inc. (Dan-Sa), in October 2007, and they provided Dan-Sa with plans for a house that could be built on the footings.  Based on this evidence, we find the instant case is similar to *Breedlove* because at the time Respondents cleared the lot, buried the debris, and constructed the footings and retaining wall, they intended to reside on the property and had no intention of placing the property in the stream of commerce.  Accordingly, because Respondents did not owe the Holleys a duty of care, we find the circuit court properly granted summary judgment on this issue.[1]  *See Dorrell v. S.C. Dep't of Transp.*, 361 S.C. 312, 318, 605 S.E.2d 12, 15 (2004) ("In a negligence action, a plaintiff must show that the . . . defendant owed a duty of care to the plaintiff . . . ."); *see also Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006) ("If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law.").

---

[1] Additionally, the Holleys want this court to consider the statutorily-required building permit disclosure form signed by Niemi.  On the form, Niemi acknowledged that if she sold or rented a building that she built within two years after the construction was completed, the law would presume she built it for sale or rent, in violation of an exemption permitting a person without a residential building license to build his or her own house.  During the summary judgment hearing, the Holleys mentioned the permit and argued that pursuant to the permit, an owner is responsible for any work performed by subcontractors.  However, the Holleys never specifically raised the two-year presumption to the circuit court, and the circuit court did not mention the presumption in its order.  *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 421, 526 S.E.2d 716, 724 (2000) ("[A]ll parties should raise all necessary issues and arguments to the lower court and attempt to obtain a ruling."); *West v. Newberry Elec. Coop.*, 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (holding an issue was unpreserved when it was not addressed in the final order).  Thus, we find this argument is not preserved.

As to whether the circuit court erred in holding the Holleys' damages were not caused by Respondents' failure to disclose the buried debris, we find the circuit court properly granted summary judgment to Respondents on this issue. Even if Respondents had disclosed the buried debris to Dan-Sa, the disclosure would not have reached the Holleys because of the intervening transfers. Dan-Sa executed a deed in lieu of foreclosure to Blue Ridge Savings Bank, Inc. (Blue Ridge) and was not required to complete a Residential Property Condition Disclosure Statement. *See* S.C. Code Ann. § 27-50-30(2) (2007) (stating a disclosure statement need not be completed in a transfer "to a mortgagee from the mortgagor or his successor in interest in a mortgage if the indebtedness is in default"). Blue Ridge subsequently sold the property to Gina Pike. In the contract between Blue Ridge and Pike, the parties agreed the property would be sold as-is and agreed that Blue Ridge would not complete or provide a disclosure statement. *See* § 27-50-30(13) (stating a Residential Property Condition Disclosure Statement need not be completed "when both parties agree in writing not to complete a disclosure statement").

Moreover, the record contains no evidence to support the contention that if Respondents had disclosed the buried debris to Dan-Sa, Dan-Sa would have removed the debris or would have constructed the house and porch differently. Although Danny Gibson, Sr., the owner of Dan-Sa, stated he would have expected the burial of debris to be disclosed and thought it was a problem to have organic materials buried under a house, after reviewing a picture of the excavation of the debris, he stated the debris would not have affected the structural integrity of the house if it had not been removed and stated that if the Holleys "had never dug that pool, the house would still be there . . . 40 years from now." In light of these statements, we find there is no evidence that if Respondents had disclosed the debris, Dan-Sa would not have built the house and porch without first removing the buried debris or would have constructed the house and porch differently. Thus, the Holleys failed to provide sufficient evidence to establish that Respondents' failure to disclose the buried debris to Dan-Sa was the cause of their damages. *See Cody P. v. Bank of Am., N.A.*, 395 S.C. 611, 620, 720 S.E.2d 473, 478 (Ct. App. 2011) ("To show the defendant was the proximate cause of the injury, the plaintiff must establish the defendant was both the cause-in-fact and the legal cause of the injury."); *id.* ("The cause-in-fact requirement is proved by showing the injury would not have occurred but for the defendant's negligence."); *see also Hubbard v. Taylor*, 339 S.C. 582, 591, 529 S.E.2d 549, 553 (Ct. App. 2000) ("[E]ven if there were a duty, [the appellant] failed to establish proximate causation . . . ."). Accordingly, we find the circuit court properly granted summary judgment to Respondents on the Holleys' cause of action for failure to disclose. *See* Rule 56(c), SCRCP (stating summary judgment is proper

when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law").

Because the causation issue is dispositive of whether Respondents were liable to the Holleys for failing to disclose the buried debris, we need not address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when the resolution of a prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**